OPINION OF THE COURT
Sheldon S. Levy, J.
Are unconditional stipulations concerning the admissibility of personal records of former codefendants — agreed to before a mistrial was granted as to defendant — binding upon him in this subsequent criminal prosecution? No reported case has previously come to grips with a similar problem.
Defendant Paul Aratico and two codefendants, Carl Gregorio and Albert Ryan, originally were indicted for crimes involving conspiracy, scheme to defraud and larceny in the apartment referral agency industry.
Upon the commencement of a prior trial on these charges, all three defendants stipulated in writing to permit into evidence, inter alia, certain personal bank records of the said codefendants. Thereafter, because of a medical condition on the part of defendant Aratico, a mistrial was declared as to him, and his case was severed.
Now, at the start of the new trial directed, defendant Aratico moves to vacate the former stipulations and seeks to avoid being bound thereby. Basically, he contends that *1016 the present trial is de novo and that all that has gone before has been voided. Further, defendant claims prejudice and a violation of constitutional rights in that his former codefendants, who could confirm the authenticity and validity of the said records and provide information concerning them, are not involved in the present litigation.
Initially, it is clear that a written stipulation of facts, or even an oral stipulation placed upon the record in open court, knowingly entered into for the purpose of having evidence admitted at trial, is a formal judicial admission (Hine v New York El. R.R. Co., 149 NY 154; Clason v Baldwin, 152 NY 204; Richardson, Evidence [10th ed], § 216). A formal judicial admission usually lasts through the life of the proceeding.
In addition, a stipulation, which by its terms is not expressly limited as to time, purpose or occasion, is admissible to all subsequent parts of substantially the same litigation between the parties, absent some showing of fraud or demonstrable prejudice (9 Wigmore, Evidence, § 2593; see, also, Pines v Beck, 300 NY 181).
A stipulation in a criminal case, however, must withstand a more searching scrutiny than is focused upon its civil counterpart. Where a stipulation demonstrates on its face that a defendant has waived a significant constitutional, statutory or decisional right, it “should not be thus construed, in the absence of clear evidence that it was so intended and understood by the parties” (People v D’Angelo, 56 AD2d 854). Nevertheless, “where a stipulation has been entered into by the parties with full understanding, and it is not against the public interest and violates no mandatory statutory or constitutional provision, it should not be ignored” (People v Iucci, 61 AD2d 1, 8).
Of course, a party may always be relieved from the effects of a stipulation if, in the discretion of the court, some inequity would result (Clason v Baldwin, supra; see, also, Matter of Richardson, 118 App Div 164).
In the present case, there appears no reason in law, logic or fact why the subject stipulations should not be fully enforced as formal judicial admissions or why the particular records involved should not be admitted in evidence. *1017 Nor should the defendant now be permitted to capitalize on the mistrial occasioned by his own untimely illness by asserting it as a ground for reneging on previous, unconditional contractual commitments.
The written stipulations were signed in open court, not only by the attorneys for each defendant (see CPLR 2104), but also by each defendant individually. There is no doubt that all attorneys and all parties fully understood the broad terminology of the contractual conditions involved; intended to agree and to be bound equally thereby; and did so in the spirit of time, energy and monetary conservation (see, also, GPL 60.10).
As a formal judicial admission, a stipulation does not normally expire by way of a mistrial declared because of a defendant’s illness, a hung jury or otherwise. A trial following a mistrial declared for any reason is still a part of the original proceeding for purposes of enforcing such a stipulation (see Stemmler v Mayor, Aldermen & Commonalty of City of N.Y., 179 NY 473, 481-482). The de novo aspects of a subsequent trial are not all encompassing, and a mistrial does not require an emasculation of all that has gone before.
Moreover, the specific terms of the stipulations in issue are clear, succinct and uncomplicated. There are no limitations as to time, purpose or occasion (see Richardson, Evidence [10th ed], § 216), and no equivocations, obfuscations or ambiguities. In reality, these types of written agreements are merely substitutes for the technical or mechanical testimony of certain witnesses who would otherwise be required for the proper introduction into evidence of the specified records.
As to defendant’s arguments concerning the current absence of former codefendants, no factual or legal merit is discernible. Upon the initial drafting and execution of the said stipulations, defendant Aratico had full and fair opportunity to consult with his codefendants concerning their personal records suggested for stipulation and to discuss with them the validity and import of such records. Parenthetically, it seems likely that defendant will still be able to do so, if desired, since the names of his former codefen *1018 dants appear on his list of potential witnesses for jury inquiry.
Thereafter, the written agreements were admitted in evidence and were read to the jury at the prior trial without objection by any defendant. Any of the three original defendants, including defendant Aratico, could have refused to stipulate at that time as to any particular records for any reason, including disagreement as to authenticity, validity, appearance or even paper color.
If any defendant had declin ;d to stipulate as to any item now under consideration, that veto would have barred a stipulated admission of that record into evidence.
In point of fact, defendant Aratico did refuse to sign two of the originally proposed stipulations, and those particular records did not go into evidence by way of any agreement. However, as to the bulk of the books, papers and documents involved, it clearly appears that the stipulations were negotiated primarily to avoid the time, expense and necessity of calling purely technical authenticating witnesses at trial.
In addition, as stated, if some inequity or prejudice arises concerning a stipulation because of a variance of pertinent facts or circumstances, a court can readily relieve a party from the onerous effects of such an agreement. Here, however, no such change has been or can be shown. The same evidence, previously admitted at the prior trial, will be equally admissible in. this trial where the former codefendants are now charged as coconspirators.
Moreover, the further objection of defendant’s present counsel to the strategy of defendant’s former counsel in agreeing originally to the stipulations, cannot serve as such a change of circumstances or as an acceptable reason for voiding legally and factually valid commitments (see, generally, People v Baldi, 54 NY2d 137). Even if the agreements at the initial trial were ill advised, no cause is presented thereby for revoking such judicial admissions, which should now be enforced according to their terms (see 9 Wigmore, Evidence, § 2593).
Finally, there is no showing at all of fraud, in the inducement or otherwise; of prejudice; or of a violation of *1019 constitutional, statutory or decisional rights. Nor, in fact, is there even a waiver of any such protections or privileges in the form, content or language of the stipulations.
Accordingly, an unconditional stipulation in a criminal case with respect to the admissibility of evidence — even personal records of former codefendants — binds all parties throughout the proceeding, which includes a subsequent trial occasioned by a mistrial. Only a clear delineation of prejudice, inequity or infringement of legal rights by the party opposing the enforcement of such agreement should serve as a proper predicate to void or to modify the stipulation. In this case, the defendant has failed entirely to make any such requisite demonstration.
Defendant’s motion to vacate and to void the subject stipulations is, in all respects, denied.