**Jeannette SENNA, as next friend of Michael C. Senna; Michael C. Senna, Petitioners–Appellants,**

v.

**Joseph J. PATRISSI, Commissioner, Vermont Department of Corrections, Respondent–Appellee.**

**No. 1895, Docket 93–2268.**

United States Court of Appeals, Second Circuit.

Argued Aug. 13, 1993.

Decided Sept. 16, 1993.

William A. Nelson, Appellate Defender, Montpelier, VT (Robert Appel, Defender General, of counsel), for petitioners-appellants.

Pamela Hall Johnson, State's Attorney's Office, Burlington, VT (Scot Kline, Chittenden County State's Attorney, of counsel), for respondent-appellee.

Before: WINTER, MINER and WALKER, Circuit Judges.

PER CURIAM:

Jeannette Senna, as next friend of Michael Senna, and Michael Senna appeal from the denial by Chief Judge Parker of Michael Senna's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 (1988). We affirm.

Before Senna's trial on kidnapping charges, the state court held two hearings on Senna's motions claiming incompetence to stand trial. Judge Ronald Kilburn conducted the first hearing, at which two psychiatrists, Dr. William Woodruff and Dr. Howard Taylor, testified that Senna had a personality disorder but was competent to stand trial. The judge determined that Senna was competent and made detailed findings. The competency motion was renewed five months later, and Judge Edward Cashman presided over a second hearing, at which Drs. Woodruff and Taylor again testified. Neither doctor testified that Senna's condition had changed since the first hearing. Judge Cashman also found Senna competent to stand trial. Judge Cashman did not detail findings of fact, however, because the trial was to begin immediately. After the jury convicted Senna on the kidnapping charges, Judge Cashman sentenced Senna to forty-five to seventy-five years imprisonment.

Senna brought the instant petition for a writ of habeas corpus claiming that he was not competent during his trial. The district court referred the case to Magistrate Judge Niedermeier. He determined that Judge Cashman's conclusory finding after the second pretrial competency hearing would not be presumed correct, and that further findings on Senna's competency to stand trial were therefore required. He also found error in Judge Cashman's failure to conduct a hearing regarding Senna's competency during the trial. The Magistrate Judge "remanded" to the state court for Judge Cashman to make findings about Senna's pretrial competency and for a retrospective competency hearing concerning Senna's competency during the trial. Judge Cashman issued findings in a lengthy report entitled "Report to Federal Court," which concluded that Senna was competent before and during the trial and that his outbursts and other conduct were a "calculated ruse" to feign mental illness.

After reviewing the Report and considering the parties' arguments, Magistrate Judge

Niedermeier recommended that the petition be denied, concluding that Judge Cashman's findings were entitled to a presumption of correctness, 28 U.S.C. § 2254(d), and were supported by the record. Chief Judge Parker considered objections and then, adopting the recommendation, denied the petition. Senna appealed.[1]

In a federal habeas proceeding, state court factual findings are "presumed to be correct" unless, *inter alia*, they are not "fairly supported by the record." 28 U.S.C. § 2254(d)(8); *Demosthenes v. Baal*, 495 U.S. 731, 735, 110 S.Ct. 2223, 2225, 109 L.Ed.2d 762 (1990) (recognizing that state court's conclusion about competency is entitled to presumption of correctness). If there are factual findings to which the presumption of correctness applies, the petitioner must prove by "convincing evidence" that the state findings were erroneous. *Ventura v. Meachum*, 957 F.2d 1048, 1054 (2d Cir.1992).

Senna claims that a state court's post-conviction factual findings after a federal court remand are not entitled to the same presumption of correctness as contemporaneous findings. However, we need not address that question because detailed findings after the second competency hearing were not required to satisfy due process. Nor was the failure to hold another hearing during the trial constitutional error.

Judge Kilburn's findings after Senna's first pretrial hearing clearly merit a presumption of correctness. Indeed, Senna did not challenge this ruling on direct appeal or in his habeas petition. There was no evidence of any substantial change in Senna's condition between the two hearings. There was evidence of irrational conduct by Senna that occurred after the first hearing, but this evidence was largely cumulative and did not alter the analysis offered at the first hearing. Indeed, the testimony of the two psychiatrists at the second hearing was repetitious of that offered at the first hearing. Where no substantial change in the defendant's condition is suggested, there is no need to issue, or, rather, reissue, detailed findings when the only conclusion reached is that there has been no change. Judge Kilburn's findings after the first competency hearing thus obviated the need for Judge Cashman to make detailed findings after the second hearing for purposes of federal due process.

Nor was another competency hearing during the trial constitutionally required. Although irrational conduct on Senna's part continued, it was consistent with the twice-given psychiatric analysis and not sufficient on its face to compel a new hearing.

Senna's claim that the finding of competence to stand trial was not fairly supported by the record is meritless. Judge Kilburn's findings are not challenged, and there is ample evidence in the record that no subsequent change in condition occurred.

We therefore affirm.

---

1. We have upheld a federal court's "remand" to state court in *Suggs v. LaVallee*, 570 F.2d 1092, 1096, 1113 n. 54 (2d Cir.), *cert. denied*, 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263 (1978); *see also Howard v. Senkowski*, 986 F.2d 24, 30 (2d Cir.1993) (remanding for district court to conduct dual-motivation analysis "or to return the matter, through the device of a conditional writ, to the state court," to conduct analysis).