THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE L. SCOTT, Appellant. [609 NYS2d 487] —Judgment unanimously affirmed. Memorandum: The contention that the court erred in permitting defendant to proceed *pro se* at sentencing lacks merit. Defendant contends that he was harmed thereby because he was unaware that the court would impose a harsher sentence based on his statement at sentencing that he did not have any problem with drug or alcohol abuse. Defendant made similar statements to the probation officer, however, and they appeared in the probation report that was before the court. The contention that defendant was denied effective assistance of counsel because his attorney did not produce any witnesses on the issue of misidentification, the key issue at trial, is lacking in merit. Defendant has failed to show the existence of any such potential witnesses. We reject the contention that defendant's sentence was excessive. (Appeal from Judgment of Oswego County Court, Brandt, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BOBBIE SCOTT, Appellant. [614 NYS2d 397] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that County Court should have held a midtrial *Wade* hearing *sua sponte*. Defendant, represented by an Assistant Public Defender, requested and was granted a pretrial *Wade* hearing. Immediately before the hearing was to commence, defense counsel and the prosecutor agreed that the identification of defendant by bank personnel from a photograph taken by a bank camera was "confirmatory" and, therefore, that a hearing was unnecessary. At trial, however, a different Assistant Public Defender represented defendant and objected to the testimony of one of the bank tellers, who was about to identify defendant. There is no indication in the record and defendant does not assert that he waived the *Wade* hearing because of an erroneous representation by the People or faulty knowledge regarding the substance of the teller's

identification testimony, or that his waiver was not otherwise knowing and intelligent *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *cf., People v Jackson,* 150 AD2d 491). Further, it appears that the teller's in-court identification of defendant was independently based upon her viewing of defendant, a depositor of the bank, at least three times a week over a two month period *(see, People v Perez,* 139 AD2d 460, *affd* 74 NY2d 637). Error, if any, in admitting the teller's testimony concerning prior identification of defendant in a bank photograph was harmless. Not only did other witnesses positively identify defendant at trial, but defendant himself admitted that he was the individual in the bank photograph *(see, People v Crimmins,* 36 NY2d 230, 241).

The court was not required to inquire of defendant whether he was aware of his right to testify and whether he waived that right *(see, People v Fratta,* 83 NY2d 771). (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.