99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Terrence J. MURPHY, Petitioner-Appellant,
v.
Walter R. KELLY, Superintendent, Attica Correctional
Facility, Respondent-Appellee.
 No. 94-2261.
 United States Court of Appeals, Second Circuit.
 Dec. 15, 1995.
 
 APPEARING FOR APPELLANT: JOEL M. AURNOU WHITE PLAINS, NEW YORK
 APPEARING FOR APPELLEE: JOHN J. SERGI ASSISTANT DISTRICT ATTORNEY WESTCHESTER COUNTY WHITE PLAINS, NEW YORK
 Before CARDAMONE, WALKER and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Brieant, Judge ), and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 3
 Petitioner-appellant Murphy appeals from a judgment of the district court (Brieant, J.) entered on September 6, 1994, denying Murphy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Murphy's habeas petition sought to overturn his state court conviction, upon his entering of a guilty plea on December 15, 1987, for criminal possession of a controlled substance in violation of New York Penal Law § 220.18(1) on grounds relating to 1) double jeopardy, 2) speedy trial, 3) illegal search and seizure, 4) insufficient evidence, and 5) ineffective assistance of counsel.
 
 
 4
 In 1987, petitioner was observed selling cocaine to an informant on three separate occasions. On a fourth "controlled buy" on September 4, 1987, police apprehended petitioner in a parking lot. Police saw petitioner kick two clear plastic bags under the seat, ordered him out of his car, and arrested him. Containers of marijuana and cocaine were found in his car. Subsequently, petitioner consented to a search of his apartment for additional drugs. During a September 5, 1987 search of his apartment, additional drugs, $30,000 cash, and computer equipment capable of forging Metro North commuter rail tickets were found.
 
 
 5
 On December 15, 1987, Murphy pleaded guilty to criminal possession of a controlled substance in the third degree under Superior Court Information ("SCI") 87-1580. Bail was continued pending sentencing. While free on bail, Murphy apparently resumed his drug dealing operation. On January 15, 1988, Murphy offered to sell cocaine to an informant and was arrested on a further charge of criminal possession of a controlled substance in the third degree.
 
 
 6
 On February 9, 1988, petitioner was sentenced on his plea of guilty to SCI 87-1580, which covered the narcotics found at his arrest on September 4, 1987 and in his apartment on September 5, 1987. On February 26, 1988, petitioner pleaded guilty to criminal possession of a controlled substance in the fourth degree under SCI 88-191-01, which covered his January 15, 1988 drug arrest and dismissal of the felony complaint for forgery devices found during the search of his apartment on September 5, 1987. On March 9, 1988, petitioner was sentenced under SCI 88-191-01.
 
 
 7
 On March 10, 1988, Murphy filed a pro se Notice of Appeal of his conviction under SCI 87-1580. In February 1989, the Appellate Division granted the state's motion for summary reversal of the judgment of conviction, on the ground that proceeding by information was statutorily prohibited. See People v. Murphy, 539 N.Y.S.2d 376 (2d Dep't 1989). Murphy was subsequently indicted by the Grand Jury under Indictment 87-1580. Murphy waived trial by jury, and on January 25, 1990, he was convicted as charged after a non-jury trial. He was sentenced on March 9, 1990.
 
 
 8
 We review the denial of a § 2254 habeas corpus petition de novo. Williams v. Bartlett, 44 F.3d 95, 99 (2d Cir.1994). The factual findings of trial and appellate state courts are entitled to a presumption of correctness in federal habeas proceedings unless they are not "fairly supported by the record." 28 U.S.C. § 2254(d)(8); see Demosthenes v. Baal, 495 U.S. 731, 735 (1990) (per curiam). A petitioner must establish by "convincing evidence" that the state court's factual findings are erroneous. 28 U.S.C. § 2254(d); see Senna v. Patrissi, 5 F.3d 18, 20 (2d Cir.1993) (per curiam). We believe the record supports the denial of Murphy's petition.
 
 
 9
 Murphy claims that his Fifth Amendment protection against double jeopardy was violated. To the extent that petitioner's claim rests on the assertion that his conviction on the charges of SCI 87-1580 was not reversed at his behest, this claim was not raised before the state courts below and we therefore decline to review this claim on appeal. See Petrocelli v. Coombe, 735 F.2d 684, 688 (2d Cir.1984). Petitioner also argues that his retrial and conviction on the charges of Indictment 87-1580 violated his Fifth Amendment protection against double jeopardy on the ground that his 1988 plea and sentencing on March 9, 1988 were intended to account for all the apartment contraband, including both the drugs and the forgery device found in the September 5, 1987 apartment search. Petitioner's reliance, in part, on language by the district attorney at the February 26, 1988 plea proceeding under SCI 88-191-01 that this plea agreement would cover all other incidents which were uncharged is misplaced, for SCI 87-1580 had already charged Murphy with the contraband found in the apartment and car. The record shows that SCI 88-191-01 only included petitioner's drug arrest on January 15, 1988 for criminal possession of a controlled substance in the fourth degree, and the forgery device complaint was dismissed as part of the plea. In fact, at Murphy's sentencing on SCI 87-1580, the prosecutor advised the court that the January 15, 1988 drug charge as well as a charge of criminal possession of a forgery device were filed after the plea on SCI 87-1580. Because the charges relate to separate offenses committed on separate occasions, petitioner's claim of double jeopardy is without merit.
 
 
 10
 Murphy's remaining claims are dismissed as without merit substantially for the reasons stated in the district court's memorandum and order dated September 2, 1994, and we conclude that Murphy is not entitled to habeas relief. Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.