**John THOMAS, Petitioner,**

v.

**Daniel SENKOWSKI, Superintendent, Respondent.**

**No. 96 Civ. 5904(JGK).**

United States District Court, S.D. New York.

July 7, 1997.

John Thomas, Dannemora, NY, pro se.

Robert M. Morgenthau, District Attorney, New York County by Marc Frazier Scholl, Assistant District Attorney, New York City, for Respondent.

## *OPINION AND ORDER*

KOELTL, District Judge:

Petitioner John Thomas, who is presently incarcerated at Clinton Correctional Facility in Dannemora, New York, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 3, 1990, the petitioner pleaded guilty in New York State Supreme Court, New York County (Rothwax, H.) to one count of murder in the second degree. On October 24, 1990, the petitioner was sentenced to a period of imprisonment of eighteen years to life. On January 6, 1994, the Appellate Division, First Department, unanimously affirmed the conviction, see *People v. Thomas*, 200 A.D.2d 374, 608 N.Y.S.2d 71 (1st Dep't 1994), and on May 5, 1994, the New York Court of Appeals denied leave to appeal, see *People v. Thomas*, 83 N.Y.2d 915, 614 N.Y.S.2d 397, 637 N.E.2d 288 (1994). On June 12, 1995, the Supreme Court, New York County denied the petitioner's motion to vacate his conviction pursuant to N.Y. C.P.L. § 440.10, and on September 15, 1995, the Appellate Division, First Department denied leave to appeal.

The petitioner presents two grounds in support of his petition for habeas corpus. First, the petitioner argues that his plea of guilty was not knowing, willing, and intelligent because he was a schizophrenic and under the influence of heavy anti-psychotic drugs. Second, the petitioner contends that his sentence was excessive under the circumstances of his condition at the time of the plea and sentence. For the reasons explained below, the petition is denied.

## I.

The record submitted in connection with the present application, including the record on appeal submitted in connection with the petitioner's direct appeal to the Appellate Division and the petitioner's collateral attack on his conviction in the Supreme Court, New York County, discloses the following facts. On June 4, 1990, the petitioner shot and killed Bernard Watkins with a .357 Magnum outside a bank in Manhattan. (Tr. of Sentencing (Resp't Ex. D) at 3–4.) The police apprehended the petitioner with the gun and Mr. Watkins' money shortly thereafter. The petitioner was charged in an Indictment with two counts of murder in the second degree, one count of robbery in the first degree, one count of criminal possession of a weapon in the second degree, and one count of criminal possession of a weapon in the third degree. (Resp't Ex. A.)

On August 8, 1990, the petitioner was admitted to the Bellevue Forensic Psychiatry Service for an evaluation of his competence to stand trial pursuant to N.Y. C.P.L. § 730. (Resp't Ex. B.) Both doctors who examined the petitioner reported that he suffered from schizophrenia and had been treated with antipsychotic medications, but that his condition had not affected his ability to understand the charges against him or his ability to assist his counsel prepare for his defense. Both doctors concluded that the petitioner was fit to proceed.

On October 3, 1990, the petitioner withdrew his plea of not guilty and entered a plea of guilty to murder in the second degree. At his sentencing proceeding on October 24, 1990, the petitioner informed the trial court that he wished to withdraw his plea of guilty because he was under medication at the time he entered his guilty plea. (Tr. of Sentencing (Resp't Ex. D) at 6–7.) The trial court denied his motion to withdraw the plea, finding that the petitioner had known that he was pleading guilty to murder and that the petitioner had made a subsequent statement to the Probation Department in which he admitted to murdering Mr. Watkins and stealing his money. (Tr. of Sentencing (Resp't Ex. D) at 7–8.) The trial court then sentenced the petitioner to eighteen years to

life as it had agreed to do during the plea allocution. (Tr. of Sentencing (Resp't Ex. D) at 8.)

## II.

Before obtaining relief under 28 U.S.C. § 2254, a petitioner must exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)(1); *see also Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Blissett v. Lefevre*, 924 F.2d 434, 438 (2d Cir.), *cert. denied*, 502 U.S. 852, 112 S.Ct. 158, 116 L.Ed.2d 123 (1991). In this case, the petitioner has exhausted his state court remedies because he presented in the state courts all the claims he now raises. The Appellate Division's affirmance of the conviction, the Court of Appeals' denial of leave to appeal the conviction, and the Appellate Division's denial of leave to appeal the denial of the petitioner's motion to vacate his conviction satisfy the exhaustion requirement. *See Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990); *Williams v. Smith*, 591 F.2d 169, 171 (2d Cir.), *cert. denied*, 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289 (1979). The state does not contend that the petitioner has failed to exhaust his state court remedies.

In addition, a petitioner must allege that he is in state custody in violation of the Constitution or a federal law or treaty as a prerequisite to relief under § 2254. *See* 28 U.S.C. § 2254(a). Each of the petitioner's claims alleges a constitutional violation, although the respondent argues that each claim is without merit.

## III.

The petitioner argues in his first claim that his guilty plea was not knowing, intelligent, and voluntary because he was a schizophrenic and under the influence of heavy antipsychotic drugs. The petitioner contends that, at the time of his sentencing, the trial court should have allowed him to withdraw his guilty plea or, at the very least, should have held an evidentiary hearing.

█ The Due Process Clause of the Fourteenth Amendment requires that a plea of guilty must be knowingly and voluntarily entered. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 & n. 5, 89 S.Ct. 1709, 1711–12 & n. 5, 23 L.Ed.2d 274 (1969); *Meachem v. Keane*, 899 F.Supp. 1130, 1139 (S.D.N.Y. 1995). "For the plea to be voluntary, '[i]t is axiomatic' that the defendant must at least be competent to proceed." *Matusiak v. Kelly*, 786 F.2d 536, 543 (2d Cir.) (quoting *United States v. Masthers*, 539 F.2d 721, 725 (D.C.Cir.1976)), *cert. dismissed*, 479 U.S. 805, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986). The test for competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *see also Cooper v. Oklahoma*, —— U.S. ——, ——, 116 S.Ct. 1373, 1377, 134 L.Ed.2d 498 (1996). A state court's determination regarding a defendant's competency is a factual issue that is entitled to a presumption of correctness on habeas review. *See* 28 U.S.C. § 2254(e)(1); *Demosthenes v. Baal*, 495 U.S. 731, 735, 110 S.Ct. 2223, 2225, 109 L.Ed.2d 762 (1990); *Senna v. Patrissi*, 5 F.3d 18, 20 (2d Cir.1993). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

█ In this case, there is ample support in the record for the trial court's finding that the petitioner was fit to proceed at the time that he pleaded guilty. Relying on two psychiatric expert reports that concluded that the petitioner was fit to proceed and the defense motion to confirm that finding, the trial court specifically found the petitioner fit to proceed at the plea proceeding. (Tr. of Guilty Plea (Resp't Ex. C) at 2.) At sentencing, the petitioner moved to withdraw his plea on the grounds that he was very heavily medicated at the time of the plea proceeding. The trial court gave the petitioner an opportunity to expand the basis of his application, but neither the petitioner nor his attorney presented any further specifics. The trial court then denied the petitioner's motion to withdraw his plea because "[t]here is no question in my mind that he knew he was pleading guilty to murder...." (Tr. of Sen-

tencing (Resp't Ex. D) at 8.) The trial court noted that during the plea proceeding, the petitioner was aware of what he was doing and his answers to questions were responsive and direct, that the petitioner's background in criminal law suggested that he was familiar with the proceeding, and that subsequent to his guilty plea, the petitioner admitted to the Probation Department that he had murdered Mr. Watkins. (Tr. of Sentencing (Resp't Ex. D) at 7–8.) The Appellate Division, First Department affirmed the petitioner's conviction, holding that "[t]he court properly denied, without a hearing, defendant's *pro se* motion made at sentencing to withdraw his guilty plea, his claim that the plea was not knowing and voluntary having been belied by the record of the plea proceedings and the two CPL article 730 reports that found him competent to stand trial, and unsupported by any evidence that he was suffering any of the negative side effects associated with his medication." *Thomas,* 200 A.D.2d at 374, 608 N.Y.S.2d at 71 (citations omitted).

The petitioner argues that because he was a schizophrenic and under the influence of heavy anti-psychotic drugs at the time of the plea proceeding, his plea of guilty was not knowing, willing, and intelligent. However, the petitioner has not presented any evidence to counter the well supported factual findings of the state court that he was fully competent to plead and that his plea was knowing and voluntary. Accordingly, because the petitioner has failed to present any evidence, much less clear and convincing evidence, to rebut the finding by the trial court, this claim has no merit.

■ The petitioner also argues that the trial court should have, at the very least, conducted an evidentiary hearing. "With respect to a motion to withdraw a guilty plea, '(t)he nature and extent of the fact-finding procedures requisite to the disposition of such motions rest largely in the discretion of the Judge to whom the motion is made. Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the Court will suffice. The defendant should be afforded reasonable opportunity to present his conten-

tions....'" *Fluitt v. Superintendent,* 480 F.Supp. 81, 85 (S.D.N.Y.1979) (Weinfeld, J.) (quoting *People v. Tinsley,* 35 N.Y.2d 926, 927, 365 N.Y.S.2d 161, 162, 324 N.E.2d 544, 545 (1974)). In this case, the trial court afforded the petitioner such an opportunity, but neither the petitioner nor his attorney indicated that they wished to present anything further other than the fact that the petitioner had been under unspecified medication at the time of the plea proceeding. They did not present any evidence that the petitioner had suffered any negative side effects associated with his medication or that the psychiatric reports were incorrect in concluding that he was fit to proceed despite the fact that he was being treated with such medication. On this record, the trial court's failure to conduct an evidentiary hearing did not violate the petitioner's due process rights.

Accordingly, the petitioner's first claim for relief is denied.

## IV.

In his second claim, the petitioner argues that his sentence was excessive under the circumstances of his condition at the time of the plea and the sentence. This claim is without merit.

■ It is well established that, when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief. *See White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992) ("No federal constitutional issue is presented where ... a sentence is within the range prescribed by state law."); *see also Diaz v. LeFevre,* 688 F.Supp. 945, 949 (S.D.N.Y.1988) ("[B]ecause [the petitioner's] sentence did not exceed the maximum sentence permissible for a felony conviction under N.Y. Penal Law ... there is no ground for habeas relief."); *Moreno v. Kelly,* No. 95 Civ. 1546, 1997 WL 109526, at *7 (S.D.N.Y. Mar. 11, 1997). Thus because the petitioner's sentence falls within the range prescribed by state law, *see* N.Y. Penal Law § 70.00[2](a), [3](a)(i), there is no grounds for habeas relief.

Moreover, the petitioner has not shown that his sentence violates the Eighth Amendment, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." [1] The Amendment is interpreted as prohibiting only sentences that are "grossly disproportionate to the severity of the crime." *Rummel v. Estelle*, 445 U.S. 263, 271, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382 (1980). *Rummel* has been interpreted as holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and that successful challenges to the proportionality of particular sentences should be exceedingly rare." *United States v. Santos*, 64 F.3d 41, 45 (2d Cir.1995) (citing *Hutto v. Davis*, 454 U.S. 370, 374, 102 S.Ct. 703, 705, 70 L.Ed.2d 556 (1982)), *vacated on other grounds*, —— U.S. ——, 116 S.Ct. 1038, 134 L.Ed.2d 186 (1996); *see also Moreno*, 1997 WL 109526, at *7; *Moore v. Irvin*, 908 F.Supp. 200, 206–07 (N.D.N.Y.1995).

The petitioner presents no reasonable argument that his sentence was at all disproportionate for the crime for which he was convicted. The petitioner was a career criminal with a history of violent behavior. (Resp't Ex. M at Ex. C.) The record shows that on June 4, 1990, the petitioner, with the intent to cause the death of 76 year old Bernard Watkins, caused his death by putting a .357 Magnum to Mr. Watkins' jaw, shooting him on a public street, and then taking his money. (Tr. of Guilty Plea (Resp't Ex. C) at 3–5.) The sentence the petitioner received was the very sentence the trial court had stated at the plea proceeding that it would impose. (Tr. of Guilty Plea (Resp't Ex. C) at 5.) The sentence was well within the statutory limits. In view of all the circumstances, the petitioner's sentence was not excessive.

Accordingly, the petitioner's second claim for relief is denied.

## CONCLUSION

Because the Court finds that the petitioner's claims are without merit, the petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied in its entirety. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

---

1. The Eighth Amendment applies against the States by virtue of the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).