OPINION OF THE COURT
Donald J. Mark, J.
The defendant has been charged with rape, sodomy and related charges. The People, pursuant to the case of People v Ventimiglia (52 NY2d 350), seek to introduce evidence of marihuana, located at the defendant’s residence upon the execution of a search warrant, at the upcoming trial.
*79 The People argue that the probative value of the marihuana outweighs its prejudicial value, since it would corroborate the complainant’s proposed testimony that the parties smoked marihuana and her description of the area in which the alleged sexual crimes occurred. The defendant replies that the evidence is too prejudicial, and that another Assistant District Attorney agreed in a telephone conversation that she did not intend to use such evidence.
Evidence of the marihuana located in the defendant’s residence would normally be admissible. This factual situation is somewhat akin to that in People v Maxwell (260 AD2d 653). There, the defendant was also charged with rape and sodomy, and evidence was admitted that the defendant and the victim jointly purchased and shared cocaine. The appellate court found that this testimony supplied background information concerning events leading up to the rape and to the relationship of the parties, and it was not admitted to show the criminal propensity of the defendant.
In like manner, here, the proposed evidence is being offered for a legally acceptable purpose.
Assuming the agreement of the first Assistant District Attorney is a stipulation, it is binding upon the Assistant District Attorney who will try this case (People v Saunders, 166 AD2d 546, lv denied 76 NY2d 1024 [prosecutor at second trial bound by prosecutor’s stipulation at first trial not to elicit identification testimony]; People v Davis, 94 AD2d 610 [indictment dismissed because prosecutor had refused to honor a stipulation that a polygraph test be administered to defendant as higher authorities had overruled her]; see, People v Aratico, 111 Misc 2d 1015 [defendant’s attorney at second trial bound by former attorney’s stipulation to admit personnel records]; People v Scott, 202 AD2d 1002, lv denied 83 NY2d 915 [attorney at trial could not object to witness’ identification after first attorney had waived hearing]).
The Court of Appeals in People v White (73 NY2d 468, 476, cert denied 493 US 859) adopted the definition of “stipulation” pronounced in People v Hills (140 AD2d 71, 77, lv denied 73 NY2d 855) as “ ‘ “[a]n agreement, admission, or concession made in a judicial proceeding by the parties thereto or their attorneys, in respect of some matter incident to the proceeding, for the purpose, ordinarily, of avoiding delay, trouble and expense.” ’ ”
There is no definition of “stipulation” in the CPL, but CPLR 2104 defines a stipulation as “[a]n agreement between parties *80 or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered” (Klein v Mount Sinai Hosp., 61 NY2d 865, 866). CPL 60.10 provides that the rules of evidence in civil cases are applicable to criminal cases (see, People v Fulton, 162 Misc 2d 360; People v Duquette, 152 Misc 2d 239). This is probably the reason People v Hills (supra, at 78) refers to this rule.
However, the telephone conversation between the first prosecutor and the defendant’s attorney was not tantamount to a stipulation enforceable at trial, as there was insufficient formality to effectuate it (People v White, 73 NY2d 468, cert denied 493 US 859, supra [stipulation before trial, presumably on record, not to use defendant’s statement]; People v Davis, supra [stipulation in open court]; People v Aratico, supra [stipulation in writing at commencement of trial]; People v Prado, 81 Misc 2d 710 [stipulation in writing at commencement of trial admitting personnel records]).
Since the concession by the first Assistant District Attorney was not in the three modes recited in the rule, it is not binding upon the Assistant District Attorney who will try the case.