DEMOSTHENES ET AL. *v.* BAAL ET AL.

No. A–857.   Decided June 3, 1990

PER CURIAM.

The State of Nevada has moved to vacate an order of the Court of Appeals for the Ninth Circuit granting a stay of the execution of Thomas E. Baal. We grant the State's motion to vacate the stay.

I

Thomas E. Baal was convicted and sentenced to death in Nevada District Court for first-degree murder and robbery with use of a deadly weapon. Evidence indicated that after attempting to rob Frances P. Maves, Baal stabbed her numerous times, took her car, and fled. Maves was pronounced dead some hours later. Police officers arrested Baal in Reno on February 28, 1988. After being given his *Miranda* warnings, Baal confessed to the robbery and murder.

In March 1988, two psychiatrists examined Baal and found that Baal was competent to stand trial, able to understand right from wrong at the time of the alleged offense, and disturbed but not psychotic. In June 1988, Baal was arraigned and pleaded not guilty and not guilty by reason of insanity. A third psychiatrist, Dr. O'Gorman, was appointed to examine Baal, and, following an examination on August 31, 1988, concluded that Baal was competent to stand trial. On September 22, 1988, Baal pleaded guilty to first-degree murder and to robbery, both with use of a deadly weapon. A three-judge panel unanimously sentenced Baal to death. The Nevada Supreme Court affirmed Baal's conviction and sentence, rejecting Baal's contention that he was incompetent to enter a guilty plea and that it was error not to conduct a competency hearing prior to accepting his pleas. *Baal* v. *State*, 106 Nev. 69, 787 P. 2d 391 (1990).

Baal filed a petition for state postconviction relief, but, prior to the hearing, changed his mind and withdrew the petition. On May 24, 1990, the state postconviction court held an evidentiary hearing to determine Baal's competency. At that hearing, Baal testified that he did not want to continue

any postconviction proceedings. He further testified that he knew the date he would be put to death, the reason he would be put to death, and that his waiver of postconviction relief would result in his death. A state psychiatrist testified that Baal was competent; a state prison official who had observed Baal also testified as to Baal's competence. The court also reviewed the reports of three psychiatrists who had examined Baal and concluded that he was competent to stand trial. Based on this evidence, the court held that Baal was aware of his impending execution and of the reason for it, and thus was sane under the test set forth in *Ford* v. *Wainwright*, 477 U. S. 399 (1986). The court further held that Baal was in control of his faculties, was competent to choose to decline to pursue an appeal, and had made an intelligent waiver of his right to pursue postconviction relief.

Approximately one week later, on May 31, 1990, and hours before Baal's scheduled execution, Edwin and Doris Baal (Baal's parents) filed a petition for federal habeas corpus relief as "next friend" of Thomas E. Baal. As one of their grounds for relief, petitioners asserted: "Thomas Baal is not competent to waive federal review of his claims." In support of this claim, petitioners relied on an affidavit of a nonexamining psychiatrist, Dr. Jerry Howle, and an affidavit of Doris Baal.

The United States District Court conducted a hearing and denied petitioners' application for stay of execution, holding that, under this Court's recent decision in *Whitmore* v. *Arkansas, ante*, p. 149, petitioners had failed to establish that the court had jurisdiction to entertain the petition. According to the District Court, petitioners had not provided an adequate explanation of why Baal could not appear on his own behalf to prosecute this action. Upon review of the record, the court found that all the evidence, other than the newly submitted affidavit of Dr. Howle, established that Baal was legally competent to understand the nature and consequences of his act and to represent his own interests in these proceed-

ings. The court determined that Dr. Howle's affidavit was not based on a first-hand examination, was conclusory, and was insufficient to warrant a psychiatric hearing or additional psychiatric examinations of Baal. The court subsequently denied petitioners' motion for a certificate of probable cause. Petitioners appealed to the Court of Appeals for the Ninth Circuit.

A divided panel of the Court of Appeals granted petitioners' certificate of probable cause and stayed Thomas Baal's execution. That court held that petitioners had made "some minimum showing of [Baal's] incompetence" and evidence in the record provided "at least an arguable basis for finding that a full evidentiary hearing on competence should have been held by the district court." Order in *Baal* v. *Godinez*, No. 90–15716 (CA9, June 2, 1990), pp. 3, 5. Judge Kozinski, in dissent, asserted that there was no substantial evidence of Baal's incompetence to warrant a further evidentiary hearing or to upset the Nevada District Court's finding that Baal was competent, which is entitled to a presumption of correctness upon federal habeas review. Dissent, at 6, 7.

## II

In *Whitmore* v. *Arkansas, ante,* at 165, we held that "one necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity." See also *Rosenberg* v. *United States,* 346 U. S. 273, 291 (1953). This prerequisite is not satisfied "where an evidentiary hearing shows that the defendant has given a knowing, intelligent, and voluntary waiver of his right to proceed." *Whitmore, ante,* at 165. In *Whitmore,* we relied on the competency findings made by the Arkansas Supreme Court and concluded that Whitmore lacked next-friend standing in federal court. *Ante,* at 165–166. In this case, the state court held such an evidentiary hearing just one week before petitioners brought this petition for habeas corpus.

After reviewing the evidence and questioning Baal, the state court concluded that Baal had intelligently waived his right to pursue postconviction relief.

A state court's determinations on the merits of a factual issue are entitled to a presumption of correctness on federal habeas review. A federal court may not overturn such determinations unless it concludes that they are not "fairly supported by the record." See 28 U. S. C. § 2254(d)(8). We have held that a state court's conclusion regarding a defendant's competency is entitled to such a presumption. *Maggio* v. *Fulford*, 462 U. S. 111, 117 (1983). In this case, the state court's conclusion that Baal was competent to waive his right to further proceedings was "fairly supported by the record." Three psychiatrists who examined Baal had determined he was competent; a psychiatrist who had the opportunity to observe and talk to Baal testified that Baal was competent at the hearing; and the trial court concluded that Baal was competent after both observing Baal and questioning him extensively on the record. Accordingly, under § 2254(d)'s presumption of correctness, the state court's factual finding as to Baal's competence is binding on a federal habeas court. See *Maggio* v. *Fulford, supra;* see also *Marshall* v. *Lonberger*, 459 U. S. 422 (1983) (§ 2254(d)'s presumption of correctness required federal habeas court to accept state court's factual findings on the issue of respondent's credibility).

The state evidentiary hearing took place on May 24, 1990. When petitioners filed their habeas petition in District Court the following week, on May 31, 1990, the only new evidence presented to the court was the affidavit of Dr. Jerry Howle, a psychiatrist who had not examined Baal. In the affidavit, Dr. Howle stated that he had examined the reports of the psychiatrists who had found Baal competent to stand trial and a 1987 admission, evaluation, and discharge summary from the Hawaii State Hospital. Dr. Howle did not directly assert that Baal was incompetent. Rather, based only on

these reports, and without any opportunity personally to observe Baal, the doctor concluded that "there is reason to believe this person *may not be competent* to waive his legal remedies." Petition for Habeas Corpus in *Baal* v. *Godinez*, No. 90–243 (D. Nev.), Exhibit D (emphasis added). Cf. *Rees* v. *Peyton*, 384 U. S. 312, 313 (1966) (District Court directed to make a judicial determination of petitioner's competence after psychiatrist examined him and "filed a detailed report concluding that [petitioner] was mentally incompetent"). As the District Court determined, this affidavit is "conclusory and lacking sufficient foundation or substance to warrant either a psychiatric hearing or additional psychiatric examination of the defendant." Order in *Baal* v. *Godinez*, No. CV-N-90–243-HDM (D. Nev., May 31, 1990), p. 3. The District Court also reviewed the state-court record and the transcript of the state-court proceeding, as well as speaking with Baal at length via telephone. Based on its review, it concluded that petitioners had failed to establish that Baal was not competent to waive further proceedings. In the absence of any "meaningful evidence" of incompetency, *Whitmore* v. *Arkansas, ante,* at 166, the District Court correctly denied petitioners' motion for a further evidentiary hearing on the question of Baal's competence to waive his right to proceed.

In holding that there was a "basis for finding that a full evidentiary hearing on competence should have been held," Order in *Baal* v. *Godinez*, No. 90–15716 (CA9, June 2, 1990), p. 5, the Court of Appeals did not rely exclusively on the affidavit of Dr. Howle, the only evidence offered to indicate that Baal might have become incompetent at some time after the State's evidentiary hearing. That affidavit, as noted, was not based on personal examination of Baal and stated only in conclusory and equivocal fashion that, based on his evaluation of the reports of the examining psychiatrists, Baal "may not be competent." Rather, the Court of Appeals based its determination on the same evidence that had been before the

State District Court—the reports of the three psychiatrists, the hospital report, and testimony regarding Baal's prior suicide attempts. Indeed, because the Court of Appeals did not personally observe Baal, as the state court did, it had even less reason to overturn what is essentially a factual determination. See *Maggio* v. *Fulford, supra,* at 113. As there was no evidentiary basis for the Court of Appeal's conclusion that the District Court erred in declining to conduct an evidentiary hearing, the stay granted by the court did not "reflect the presence of substantial grounds upon which relief might be granted." *Barefoot* v. *Estelle,* 463 U. S. 880, 895 (1983).

We realize that last minute petitions from parents of death row inmates may often be viewed sympathetically. But federal courts are authorized by the federal habeas statutes to interfere with the course of state proceedings only in specified circumstances. Before granting a stay, therefore, federal courts must make certain that an adequate basis exists for the exercise of federal power. In this case, that basis was plainly lacking. The State is entitled to proceed without federal intervention. Accordingly, we grant the State's motion to vacate the stay entered by the Court of Appeals.

*It is so ordered.*

JUSTICE BLACKMUN and JUSTICE STEVENS dissent and would deny the application to vacate the stay.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

The Court today vacates a stay of execution that the United States Court of Appeals for the Ninth Circuit had entered so that it might consider the case in an orderly fashion. For the second time within the span of only a few weeks, this Court has seen fit to interfere with the administration of justice by the lower federal courts by vacating a stay issued in the sound discretion of judges who are much

more familiar with the cases than we are.   See *Delo* v. *Stokes, ante,* p. 320.   I find this development unfortunate and distressing.

## I

The Court's action in the instant case is particularly unwise.   The Court of Appeals issued the stay so that it could consider Mr. Baal's first federal habeas petition, filed on his behalf by his parents in their capacity as next friends.   It is wholly inappropriate to deny the court an opportunity to consider the case at such an early stage of the collateral review process.   As even the Judicial Conference's recent proposal for streamlined review in capital cases acknowledges, a prisoner is entitled at a minimum to "one complete and fair course of collateral review in the state and federal system, *free from the time pressure of impending execution.*"   Judicial Conference of the United States, Ad Hoc Committee on Federal Habeas Corpus in Capital Cases, Committee Report and Proposal 6 (Aug. 1989) (emphasis added).

The Court recognizes that this case requires application of our recent decision in *Whitmore* v. *Arkansas, ante,* p. 149, which held that "a 'next friend' must provide an adequate explanation—such as . . . mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action."   *Ante,* at 163.   In the instant case, the members of Mr. Baal's family allege that he is not competent to waive federal review of his claims, and they seek a hearing to resolve that question.   The Ninth Circuit granted a stay to examine their claim.   Whether their arguments are persuasive to us is not the issue; the question is whether the Ninth Circuit abused its discretion in granting a stay to enable it to reflect on the family's contentions and digest the record in a methodical and unhurried manner.

I do not believe that this decision can be characterized as an abuse of discretion, especially since the Ninth Circuit has set an expedited briefing and hearing schedule.   The Court of Appeals has merely issued a certificate of probable cause

to appeal; it has not ruled on the merits of Baal's competency or even on the question of whether an evidentiary hearing is required to determine whether Baal is competent. Rather, it has held merely that Mr. Baal's family has made a "'substantial showing of the denial of [a] federal right.'" *Barefoot* v. *Estelle,* 463 U. S. 880, 893 (1983) (citation omitted). The Court of Appeals may yet rule that Mr. Baal's family has not pleaded facts sufficient to warrant an evidentiary hearing. The Court of Appeals has found only that "the issu[e] [is] debatable among jurists of reason; that a court *could* resolve the issu[e] [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id.,* at 893, n. 4 (citation omitted).

In vacating the stay, this Court has decided quite precipitately that Mr. Baal's family has failed even to allege sufficient facts to require an evidentiary hearing regarding his competence. A federal court has the power to conduct an evidentiary hearing to resolve disputed facts if it determines that a petitioner's allegations, if proved true, would entitle him to relief under the appropriate legal standard. See *Townsend* v. *Sain,* 372 U. S. 293, 312 (1963). Assuming that the standard for competence to waive federal habeas corpus review of a death sentence is the same as that announced in *Rees* v. *Peyton,* 384 U. S. 312, 314 (1966), the question is whether Mr. Baal's family alleged sufficient facts to show that Mr. Baal

> "has [the] capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further ligitation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises."

In an order released only a few hours ago, the Ninth Circuit summarized the evidence warranting further inquiry into the question of Mr. Baal's competence:

"Although the record contains three opinions by psychiatrists who found Baal competent in 1988 to stand trial, assist his attorneys, and understand the charges against him, the record also reveals that Baal has been hospitalized for behavioral and mental problems on numerous occasions since he was fourteen years old, has attempted suicide on at least four occasions since 1987, and has been diagnosed in the past as a latent schizophrenic, a borderline personality, depressed, and as suffering from organic brain syndrome. And although Dr. Jurasky declared him competent in March, 1988 to understand the charges against him, Dr. Jurasky described him as a 'seriously and dangerously disturbed person' whose judgment 'is considered impulsive with strong antisocial tendencies.'

"In addition, petitioners presented to the district court an affidavit by board-certified psychiatrist Jerry Howle stating that, based on the reports that he reviewed, 'there is reason to believe [Baal] may not be competent to waive his legal remedies.' . . . This evidence, combined with the fact that Baal has changed his mind in the past after having decided to waive his legal remedies, and has attempted suicide twice in April of this year, provides at least an arguable basis for finding that a full evidentiary hearing on competence should have been held by the district court." Order in *Baal* v. *Godinez*, No. 90–15716 (June 2, 1990), pp. 4–5 (footnote omitted).

The Court can reach the conclusion it does today only by, in effect, holding an evidentiary hearing in advance and resolving these complex factual issues on its own.

The fact that a state court held an evidentiary hearing one week ago and determined that Mr. Baal was competent offers no support for the Court's action today. *Maggio* v. *Fulford*, 462 U. S. 111 (1983), on which the Court relies, is consistent with the view that the question of competence is ultimately a legal issue. See *id.*, at 117; *id.*, at 119 (WHITE, J., concur-

ring in judgment).   A state court's determination of subsidiary facts may enjoy a presumption of correctness in whatever federal hearing is held.   This does not answer the antecedent question, however, whether an evidentiary hearing in federal court is warranted on the basis of the factual *allegations* made in the federal habeas petition.   In addition, of course, the state court's findings would receive deference only if the state hearing provided a full and fair opportunity for resolution of the issue.   See 28 U. S. C. § 2254(d).   Because the proceedings in this case have been so hurried, it is not at all clear that the state hearing was "full and fair" and that the findings are supported by the record.

## II

Even apart from the posture of the instant case, I would deny the application to vacate the stay entered by the Court of Appeals.   I adhere to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments.   See *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting).