**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DONALD E. WACKER,

Petitioner-Appellant,

v.

STATE OF KANSAS,

Respondent-Appellee.

No. 99-3069
(D.C. No. 96-CV-3126)
(D. Kan.)

ORDER AND JUDGMENT   *

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Donald E. Wacker appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. As petitioner has not made a substantial showing of the denial of a federal right, we deny his request for a certificate of probable cause and dismiss the appeal. [1]

In July 1991, based partially on his statements to police, petitioner was arrested for kidnapping and aiding a felon in the rape and murder of a nine-year-old girl. After his arrest, petitioner waived his rights under Miranda v. Arizona , 384 U.S. 436, 478-79 (1966), and confessed to participating in the crime.

Before trial, petitioner filed a motion to suppress all pre- and post-arrest statements on the ground that his waiver was not knowing and voluntary. At a hearing, an expert witness testified that petitioner's waiver could not have been knowing because he was borderline mentally retarded and lacked the ability to understand his rights, and that his waiver could not have been voluntary because petitioner had a tendency to confabulate, that is, to tell others what he thought they wanted to hear. The state presented contrary expert evidence that petitioner

---

[1] Because petitioner filed his petition on March 8, 1996, he is not subject to the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and need not obtain a certificate of appealability. See Lindh v. Murphy , 521 U.S. 320, 336 (1997) . He remains subject to the pre-AEDPA requirement that he obtain a certificate of probable cause, however, by making a substantial showing of the denial of a federal right.

had the capability to understand his rights and to waive them voluntarily, and that he in fact did so. The trial court denied the suppression motion, finding that petitioner's pre-arrest statements were admissible because he was not yet in custody, and his post-arrest statements were admissible because petitioner "voluntarily, freely, [and] knowingly waived his constitutional rights." State v. Wacker, 861 P.2d 1272, 1275-76 (Kan. 1993). A jury convicted petitioner on both counts.

On direct appeal, petitioner challenged the trial court's finding that his waiver was knowing and voluntary. The Kansas Supreme Court held the trial court's denial of petitioner's motion to suppress to be well supported, based on the conflicting evidence presented at the hearing. See id. at 1275-77. In March 1996, petitioner filed for federal habeas relief. The district court denied the petition, holding (1) the record contained sufficient evidence that petitioner understood the Miranda warnings, and (2) in the absence of police overreaching petitioner failed to show that his waiver and subsequent confession were not voluntary. The district court denied petitioner's motion for a certificate of probable cause and this appeal followed.

To obtain a certificate of probable cause, petitioner must make a substantial showing of the denial of a federal right. See Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983). Petitioner must make a substantial showing, therefore, that his

waiver of the constitutional rights protected by Miranda was invalid. In determining the validity of such a waiver, the Supreme Court has identified two requirements:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the totality of the circumstances surrounding the interrogation reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Moran v. Burbine, 475 U.S. 412, 421 (1986) (quotations omitted). Whether a confession was given voluntarily under the totality of the circumstances is a legal issue requiring plenary federal review. See Miller v. Fenton, 474 U.S. 104, 110, 115 (1985). The state court's underlying findings of fact, however, are entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254. See id. at 112.

Petitioner argues his waiver was not voluntary because he is borderline mentally retarded and has a tendency to give answers he believes others want to hear. The Supreme Court's decision in Colorado v. Connelly, 479 U.S. 157 (1986) controls this case. In Connelly, a man was compelled by "voices" to confess a crime without any prompting on the authorities' part. The Court held that while a confessor's mental condition "is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessor's state of

-4-

mind can never conclude the due process inquiry." 479 U.S. at 165. Rather, "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary.'" Id. at 167; Nickel v. Hannigan, 97 F.3d 403, 411 (10th Cir. 1996) (holding "[petitioner's] mental condition, in the absence of any evidence of police coercion, does not alone make his statements to the police involuntary"). "In other words, the police must somehow overreach by exploiting a weakness or condition known to exist." United States v. Robertson, 19 F.3d 1318, 1321 (10th Cir. 1994).

Without pointing to any specific evidence of overreaching, petitioner argues simply that the police must have been aware of his low intelligence and tendency to confabulate. The record, however, contains a significant amount of evidence that petitioner was not obviously mentally impaired, and that the officers did not know of his low intellectual functioning or tendency to confabulate. See Robertson, 19 F.3d at 1321 (relying on officer's testimony that defendant seemed lucid when questioned). There was testimony that petitioner was not overly agreeable, and that, in fact, he was often quite contrary during questioning. The officers also knew, based on petitioner's statements, that he had completed high school, could read and write, worked full time, and drove a vehicle. In addition, the officers knew that this was not petitioner's first contact with law enforcement, as he had been arrested on three prior occasions.

-5-

The uncontradicted evidence further shows that the conditions under which petitioner was questioned were not overly coercive. The only custodial interviews of petitioner occurred on July 17 and 18. He was advised of his rights twice on July 17, and a third time on July 18. On July 17, he was interviewed on and off between 9:50 a.m. and approximately 3:00 p.m. During that time he was not physically restrained, the officers did not threaten him or make him any promises, and he was even permitted to buy his own lunch when the officers stopped at a convenience store on the way to the crime scene. On July 18, 1991, petitioner was questioned for a short time at the detention center. He was not physically restrained. Considering all the circumstances, including petitioner's personal characteristics, his past arrest experiences, the multiple Miranda advisements, the short interviews, and the benign conditions under which petitioner was questioned, we conclude petitioner has not raised a substantial issue regarding police overreaching. See, e.g., United States v. Short, 947 F.2d 1445, 1449-50 (10th Cir. 1991) (identifying and applying pertinent factors to find no coercion as a matter of law). We agree, therefore, with the state court's ultimate finding that petitioner's waiver was voluntary.

Petitioner also argues his waiver was not knowing and intelligent because he lacked the intellectual capacity to understand the rights protected by Miranda. Because factual issues predominate in the mixed question of whether a waiver

was given knowingly and intelligently, we review the issue for clear error.   See

Fernandez v. Rodriguez , 761 F.2d 558, 562 (10th Cir. 1985).   Petitioner's

competence to waive his rights is a factual determination entitled to the

presumption of correctness.   See Demosthenes v. Baal , 495 U.S. 731, 734-35

(1990) (holding state court's determination that petitioner was competent to

knowingly and intelligently waive his rights was factual, and therefore presumed

correct under habeas statute).  So too, petitioner's knowledge of his rights is

a factual determination entitled to the presumption.   Cf. Marshall v. Lonberger ,

459 U.S. 422, 432-35 (1983) (holding court of appeals failed to give appropriate

deference to state court finding regarding petitioner's knowledge of charge to

which he was pleading).

Here, the record fairly supports the state court's finding that petitioner did,

indeed, have the intellectual ability to understand his rights and the consequences

of waiving his rights, and that his waiver was given knowingly and intelligently.

So long as petitioner understood the basic principles that he had the right to

remain silent and whatever he said could be used against him, his waiver was

constitutionally adequate.   See Colorado v. Spring , 479 U.S. 564, 574 (1987)

("The Constitution does not require that a criminal suspect know and understand

every possible consequence of a waiver of the Fifth Amendment privilege.").

As petitioner has not shown that the state court's findings regarding his

intellectual ability and knowledge lacked support in the record, he has failed to make a substantial showing of the denial of a federal right.

Accordingly, we deny petitioner's request for a certificate of probable cause and dismiss the appeal.

Entered for the Court


Michael R. Murphy
Circuit Judge