**Theodore Chester KULAS, Petitioner—Appellant,**

v.

**Dora B. SCHRIRO, Director, Respondent—Appellee.**

No. 04–15073.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Fed. R.App. P. 34(a)(2).

Theodore Chester Kulas, Tucson, AZ, pro se.

Donna Jeanne Lam, DAG, Office of the Arizona Attorney General, Tucson, AZ, for Respondent–Appellee.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Theodore Chester Kulas appeals pro se the district court's order dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

█ Kulas contends that the procedures by which the state trial court determined that he was competent to stand trial fell short of those required by the Constitution. The state trial court adequately inquired into the issue of whether Kulas was competent to stand trial by holding an initial competency hearing, committing Kulas for a period of treatment upon a finding of incompetency, and finding that Kulas had been restored to competency based on the recommendation of the doctor responsible for his treatment. The state court's determination that this procedure did not violate Kulas' due process rights was not contrary to, or an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. 2254(d)(1); *see also Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (noting that state procedures must be adequate to protect the right of an accused not to be tried while incompetent).

█ Kulas also contends that he was tried while legally incompetent, in violation of his substantive due process rights. However, because the record reflects that the state court's competency determination was not unreasonable and Kulas has failed to rebut it by clear and convincing evi-

---

dence, his claim that he was tried while incompetent fails. *See* 28 U.S.C. § 2254(d)(2)-(e)(1); *see also Demosthenes v. Baal*, 495 U.S. 731, 735, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990) (concluding that a state court's competency determination is entitled to a presumption of correctness on federal habeas review).

Kulas also raises ten uncertified issues. We construe his brief, in pertinent part, as a motion to expand the certificate of appealability pursuant to Ninth Circuit Rule 22–1(e), and we deny the motion. *See* 28 U.S.C. § 2253(c)(2).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.