Terry REED, Petitioner–Appellant,

v.

George DUNCAN, Respondent–Appellee.

No. 07–0248–pr.

United States Court of Appeals, Second Circuit.

May 1, 2009.

Eleanor Jackson Piel, New York, NY, for Petitioner–Appellant.

Ashlyn Dannelly, Assistant Attorney General (Barbara D. Underwood, Solicitor General, and Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Respondent–Appellee.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner–Appellant Terry Reed was arrested and charged for his role in a shooting. Before he could be tried, however, Reed was found incompetent based on the testimony of two psychiatrists who testified that he was incapable of understanding the charges against him or assisting in his own defense. A few months later, a third psychiatrist found that Reed was competent. Reed returned to court. The court ruled that he was competent and allowed him, with the assistance of counsel, to plead guilty to attempted murder in the second degree. He was sentenced to an indeterminate term of between six and eighteen years.

Reed challenged his conviction and sentence on multiple grounds, first before state courts and later on federal habeas. He was unsuccessful, most recently in the U.S. District Court for the Northern District of New York (Sharpe, *J.*), which adopted a magistrate judge's recommendation rejecting Reed's petition. A panel of this Court, thereafter, granted a certificate of appealability on the following question:

> [W]hether the district court erred in finding Appellant's claims that he was incompetent to stand trial and enter a plea and that the State failed to disclose exculpatory evidence were procedurally barred on adequate and independent state grounds, *see Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), where Appellant presented some evidence, in his supplemental objections to the magistrate judge's report and recommendation, that he raised the claims before the trial court which rejected the claims on the merits.

Our jurisdiction is limited to that question. *See Hines v. Miller,* 318 F.3d 157, 162 (2d Cir.2003) (no jurisdiction to review claims not included in the certificate of appealability).

Prior to seeking federal habeas relief, a petitioner must exhaust available state remedies, or demonstrate that state remedies are unavailable or inadequate. *Aparicio v. Artuz,* 269 F.3d 78, 89 (2d Cir.2001); *Ellman v. Davis,* 42 F.3d 144, 147 (2d Cir.1994). This exhaustion requirement recognizes "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Att'y Gen. of New York,* 696 F.2d 186, 191 (2d Cir.1982) (en banc). Exhaustion is satisfied if the federal claim has been "fairly presented" to the state courts. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). And a claim has been "fairly presented" if the state courts are apprised of "both the factual and the legal premises of the claim [that the petitioner] asserts in

federal court." *Daye*, 696 F.2d at 191. Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." *Id.* at 192.

The magistrate judge here found that *some* of Reed's claims may have been exhausted, and stated that it would therefore consider them on the merits. The magistrate found that these presumptively exhausted claims—which did not include Reed's argument that he was incompetent at the time of trial—lacked merit. The magistrate treated Reed's other claims—including his competency claim and a *Brady* argument that Reed has seemingly since abandoned—as if they had been procedurally defaulted, on the grounds that Reed had failed to exhaust his remedies in the state courts by filing a 440 motion. The magistrate found that Reed had not shown cause for his default, nor presented evidence to show that he was "actually innocent" of the crime to which he had pled. *See Coleman*, 501 U.S. at 748, 750, 111 S.Ct. 2546.

But as Respondent acknowledges on appeal, the magistrate's analysis was off the mark, because Reed *did* file a 440 motion with the state courts—albeit after his federal habeas proceeding had already begun—and therefore exhausted his state avenues for relief. *See* [Resp. Br. at 16] ("It appears that the magistrate judge had not been notified that petitioner had filed a C.P.L. § 440.10 motion in state court during the pendency of the district court proceedings."). In his objections to the magistrate's report and recommendation, Reed explained that he "had no knowledge that he had to inform the courts that he went back and exhausted" his *Brady* and competency claims by filing a 440 motion in state court. These objections made it clear that "[i]n his 440 papers, petitioner cited federal case law in support of each claim, and made arguments which called to

mind rights protected under the federal Constitution. As a result, petitioner's incompetency and *Brady* claims are exhausted." [Resp. Br. at 23] (citation omitted).

The District Court's subsequent review of the magistrate's recommendation compounded the error. As Respondent also recognizes, "[t]he district court was apparently under the mistaken belief that the magistrate judge had 'presumed exhaustion' of petitioner's unexhausted claims and then 'addressed the merits of each', although in fact the magistrate judge found the *Brady* and incompetency claims unexhausted ... [and] did not consider their merits." [Resp. Br. at 23] (citation omitted).

While forthrightly acknowledging these errors, Respondent argues that Reed's competency and *Brady* claims lack merit. We might have discretion to affirm denial of the petition on this alternative ground, *see Garcia v. Lewis*, 188 F.3d 71, 74 n. 2 (2d Cir.1999), but we decline to do so. Reed's competency to plead guilty is a factual question, *see Demosthenes v. Baal*, 495 U.S. 731, 735, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990) (per curiam), which is best left for the district court to consider in the first instance, *see In re M/V DG Harmony*, 533 F.3d 83, 97 (2d Cir.2008) (declining to consider issue of fact in the first instance).

Because the sole issue covered by the certificate of appealability was incorrectly decided below, we VACATE AND REMAND the decision of the District Court. We express no opinion as to the merits of Reed's claims.