Justice Scalia,
with whom Justice Thomas joins, dissenting.
The question presented by Jefferson’s petition for writ of certiorari is whether his trial attorneys rendered ineffective assistance of counsel when they declined to pursue further investigation of Jefferson’s childhood head injury. In my view the Court should either answer that question or (as I would prefer) deny the petition. Instead, it summarily vacates the judgment of the Court of Appeals on an altogether different ground that was neither raised nor passed upon below and that is not fairly included within the sole question presented. To make matters worse, the Court conjures up an “error” with respect to that ground by misquoting and mischaracterizing the Court of Appeals’ opinion, ante, at 293, and by overlooking relevant authority from this Court. I respectfully dissent.
I
A
The prior version of 28 TJ. S. C. § 2254(d) (1994 ed.) applicable in this case provided that in federal habeas proceedings the factual determinations of a state court “shall be presumed to be correct,” unless the applicant proves, the respondent admits, or a federal court determines that one of eight exceptions set forth in § 2254(d)(l)-(8) applies. The Court concludes that the Eleventh Circuit misapplied that provision and our precedents by treating one of those exceptions, § 2254(d)(8), “as the exclusive statutory exception” to the presumption of correctness, and by failing to address *296 whether § 2254(d)(2), (6), or (7) might also bar application of that presumption.[1] Ante, at 293.
The Court’s opinion, however, is the first anyone (including Jefferson) has heard of this argument. Jefferson’s briefs below contain no discussion or even citation of subsection (d) — let alone of paragraphs (2), (6), or (7) — and the courts below understandably never passed upon the application of those provisions. Under our longstanding practice, that should be the end of the matter. See, e. g., Pennsylvania Dept. of Corrections v. Yeskey, 524 U. S. 206, 212-213 (1998).
But the Court insists, ante, at 289, 292, that if we squint at them long enough we can see in Jefferson’s briefs below a challenge to the state court’s factfinding process cognizable under § 2254(d)(2), (6), and (7). But the handful of isolated, vague statements it musters (buried in hundreds of pages of briefs) show no such thing. The Court’s only evidence that Jefferson presented the point to the District Court, ante, at 288, 292, consists of a single sentence of text (and an accompanying two-sentence footnote) in the “Prior Proceedings” section of his 180-page brief. Brief for Petitioner in No. l:96-CV-989-CC (ND Ga.), Doc. 105 (hereinafter District Court Brief). The sentence is: “In entering the State Habeas Corpus Order Judge Newton merely signed an order drafted by the State without revision of a single word.” Id., at 4. The footnote adds:
*297 “[T]he order signed by Judge Newton described witnesses who never testified, raising serious doubts as to. whether he even read, much less carefully considered, the proposed order submitted by the State. In this circumstance, there is no reason under principles of comity or otherwise to give any deference to the findings of the State Habeas Corpus Court, because there was apparently no serious consideration or deliberation of the factual and legal issues raised.” Ibid., n. 1.
This passing suggestion that deference would be unwarranted is, to put it mildly, an elliptical way to argue that the state factfinding procedure was inadequate, § 2254(d)(2), that Jefferson was denied a full, fair, and adequate hearing, § 2254(d)(6), or that Jefferson was denied due process of law, § 2254(d)(7). And it only appeared, I emphasize again, in the “Prior Proceedings” section of the brief The argument section of Jefferson’s District Court Brief, consisting of 164 pages and containing separate assignments of error from III to XLIV (44), makes no mention of the ground upon which the Court today relies. And the assignment of error that is the basis for the question presented in Jefferson’s petition, VI, id., at 48-80, did not dispute the state courts’ factual findings under § 2254(d), but only challenged the state courts’ legal conclusion that his attorneys’ failure to conduct a fuller investigation into the head injury he suffered as a child was not deficient performance under Strickland v. Washington, 466 U. S. 668 (1984).
Jefferson also did not raise the point in the Eleventh Circuit. His brief to that court acknowledged that the state courts’ “[findings of fact and credibility determinations are reviewed for clear error.” Brief for Petitioner/Appellee in No. 07-12502, pp. 16-17 (hereinafter Appeals Brief). It declared that “The District Court Correctly Deferred to the Fact Findings of the State Court” in adjudicating his ineffeetive-assistance-of-counsel claim. Id., at 21 (some capitalization and boldface type deleted); see also id., at 29, *298 and n. 7, 31. And it conceded that with respect to the ineffective-assistance claim, “[t]he relevant facts are not in dispute.” Id., at 24. Jefferson did characterize the state habeas court’s factual findings as generally “dubious” and suggested there were “serious doubts” about them, id., at 31-32, n. 10. But not once did he argue that the dubiousness of the findings was the consequence of a failure to meet the requirements of § 2254(d)(2), (6), or (7) — or even more generally that the findings should not be presumed correct under § 2254(d). Instead, he pressed the same argument he made in the District Court: Even if the state courts’ factual findings were correct, his trial attorneys rendered ineffective assistance in deciding to forgo further investigation of his childhood head injury. Id., at 31-33, 50-51.
Nor did the courts below pass upon the argument the Court now addresses. The District Court did not dispute the state courts’ factual findings. Jefferson v. Terry, 490 F. Supp. 2d 1261, 1319-1320 (ND Ga. 2007). It accepted those findings as true, including the state habeas court’s credibility findings, id., at 1323-1324, and n. 17, but held “as a matter of law” that it was objectively unreasonable for Jefferson’s attorneys “not to investigate” further into the effect, if any, of the accident on Jefferson’s mental capacity and health, id., at 1324. Concluding that Jefferson was thereby prejudiced, the court ordered a new sentencing hearing. Id., at 1328.
The Court of Appeals disagreed -with that determination . and reversed, holding that his trial attorneys’ performance was not objectively unreasonable under Strickland. Jefferson v. Hall, 570 F. 3d 1283, 1301-1309 (CA11 2009). That court correctly stated the applicable framework under § 2254(d):
“Pre-AEDPA, questions of law and mixed questions of law and fact resolved by state habeas courts are reviewed de novo, while the state courts’ factual findings are ‘subject to the presumption of correctness.’ *299 Freund v. Butterworth, 165 F. 3d 839, 861 (11th Cir. 1999). Although these findings may be disregarded if, for example, they are ‘not fairly supported by the record,’ Jackson v. Herring, 42 F. 3d 1350, 1366 (11th Cir. 1995) (quoting 28 U. S. C. § 2254(d)(8)), this Court has construed the ‘presumption of correctness’ standard to be the same as the ‘clear error’ standard of review.” Id., at 1300 (emphasis added; footnote omitted).
Confronted with no argument that §2254(d)(l)-(7) applied or that it must disregard the state courts’ factual findings, the Court of Appeals understandably did not pass upon those questions.
The Court of Appeals did consider the record on its own, as required by § 2254(d)(8), to determine whether the state courts’ factual determinations were fairly supported by the record. Id., at 1303-1304, and n. 8. In doing so, the court “specifically note[d] that neither Jefferson nor the district court questioned the state court’s factual finding that [the defense’s psychiatric expert] led [one of Jefferson’s attorneys] to believe that further investigation would simply be a waste of time, . . . despite [his attorney’s] testimony that [the expert] told him it ‘may’ be a waste of time.” Id., at 1303, n. 8 (some internal quotation marks omitted). It added that Jefferson did not “point to any particular factual finding that was clearly erroneous,” id., at 1304, n. 8 — applying the same standard Jefferson had proposed in his brief, see supra, at 297. Even the dissent agreed that the court was “obliged to accept” the state courts’ credibility determination, despite the “reasons to doubt it.” 570 F. 3d, at 1312 (opinion of Carnes, J.). The dissent did not cite § 2254(d)(2), (6), or (7), but instead focused on the same question of constitutional law that occupied Jefferson’s briefs, the District Court’s opinion, and the majority’s opinion: whether, accepting the factual findings and credibility determination of the state courts as true, Jefferson’s attorneys rendered ineffec *300 tive assistance of counsel. That is the only question that occupied the courts and the parties below.
B
It is bad enough that the Court decides an issue not raised or resolved in the lower courts. It is much worse that it decides an issue Jefferson has not even asked us to address. Under this Court’s Rule 14.1(a), “[o]nly the questions set out in the petition, or fairly included therein, will be considered by the Court.” We apply that rule in all but “the most exceptional cases, where reasons of urgency or of economy suggest the need to address the unpresented question in the case under consideration.” Yee v. Escondido, 503 U. S. 519, 535 (1992) (citation and internal quotation marks omitted).
Jefferson’s petition for writ of certiorari presents a single question:
“[W]hether the majority opinion, in affording trial counsel’s decision to limit the scope of investigation in a death penalty case ‘higher-than-strong presumption of reasonableness’ [sic] conflicts with this Court’s precedent as announced in Williams v. Taylor, 529 U. S. 362 (2000), Wiggins v. Smith, 539 U. S. 510 (2003), Rompilla v. Beard, 545 U. S. 374 [(2005),] and Porter v. McCollum, [558 U. S. 30] (2009) [(per curiam)].” Pet. for Cert. i.
This is a straightforward request for error correction on a constitutional claim in light of those four decisions, and neither the request nor those cases have anything to do with the pre-AEDPA version of § 2254(d). Nor does that question necessarily encompass whether the Court of Appeals misapplied that version of § 2254(d) in determining the deference due to the state courts’ factual findings. The statutory question may be “related to,” and “perhaps complementary to the one petitioned presented,” but it is not “fairly included therein.” Yee, supra, at 537 (internal quotation marks omitted).
*301 As for the body of Jefferson’s petition: Far from invoking §2254(d)’s exceptions to the presumption of correctness to support the Sixth Amendment claim, the petition does not even mention subsection (d), let alone paragraphs (2), (6), or (7). There is no argument, anywhere in the section entitled “Reasons for Granting the Writ,” that the state courts’ factual findings are not entitled to a presumption of correctness. Pet. for Cert. 31.
The Court claims, ante, at 289, that Jefferson sufficiently presented the statutory issue by his characterizations of the state courts’ factual findings in the “Statement of the Case” section of his petition, see Pet, for Cert. 2, 11-13, 17, n. 12, 18, n. 13. Even if that were so, “ ‘the fact that [petitioner] discussed this issue in the text of [his] petition for certiorari does not bring it before us. Rule 14.1(a) requires that a subsidiary question be fairly included in the question presented for our review.’” Wood v. Allen, 558 U. S. 290, 304 (2010) (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U. S. Philips Corp., 510 U. S. 27, 31, n. 5 (1993) (per curiam)). But in any event, the cited passages do not remotely present the statutory issue. They contain no argument that § 2254(d)’s presumption is inapplicable because of § 2254(d)(2), (6), or (7), but merely describe the proceedings below, see Pet. for Cert. 11-13, and assert that there might be reasons to doubt the state-court findings (but for the § 2254(d) presumption), see id., at 17, n. 12, 18, n. 13.
“The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.” Carducci v. Regan, 714 F. 2d 171, 177 (CADC 1983) (opinion for the court by Scaiia, J.). Our refusal to abide by standard rules of appellate practice is unfair to the Eleventh Circuit, whose judgment the Court vacates, and especially to the respondent here, who suffers a loss in this Court without ever having an opportunity to address the merits of the statutory question the Court decides.
*302 II
The Court’s approach would be objectionable even if it were correct that the Court of Appeals went astray. But it is not. The Court of Appeals did not treat § 2254(d)(8) as “the exclusive statutory exception” to the presumption of correctness. Ante, at 293. It is true that the majority’s opinion — as well as the dissent’s — discussed only § 2254(d)(8). But that is because only § 2254(d)(8), and not § 2254(d)(2), (6), or (7), was ever brought to the court’s attention. On the fair reading we owe the Eleventh Circuit’s opinion, there simply was no error in its application of § 2254(d).
The Court asserts, however, that the Eleventh Circuit ignored the other seven paragraphs in § 2254(d) when it “invoked Circuit precedent that applied only paragraph (8) of § 2254(d).” Ante, at 292. It did nothing of the sort. The Court of Appeals said that a state court’s factual findings “may be disregarded if, for example, they are ‘not fairly supported by the record,’ Jackson v. Herring, 42 F. 3d 1350, 1366 (11th Cir. 1995) (quoting 28 U. S. C. § 2254(d)(8)).” 570 F. 3d, at 1300 (emphasis added). The Court of Appeals thus expressly acknowledged that § 2254(d)(8) was but one example of the grounds for disregarding a state court’s factual findings. And the Circuit precedent it cited, Jackson v. Herring, 42 F. 3d 1350 (CA11 1995), similarly did not imply, much less hold, that § 2254(d)(8) provided the only grounds for setting aside a state court’s factual findings under § 2254(d). See id., at 1366.
Next, the Court states:
“And even though the Court of Appeals ‘reeognize[d]’ that Jefferson had argued that the state court’s process had produced factual findings that were ‘“dubious at best,” ’ and that federal courts should therefore ‘ “harbor serious doubts about” ’ the state court’s ‘ “findings of fact and credibility,” ’ the Court of Appeals nonetheless held that the state court’s findings are ‘“entitled to a presumption of correctness”’ that it was ‘duty-bound’ to *303 apply. 570 F. 3d, at 1304, n. 8 (quoting Appeals Brief 82, n. 10).” Ante, at 292.
Again, the Court has plucked isolated language from here and there in the Court of Appeals’ opinion, to produce a reading which suggests that the Court of Appeals agreed with, or at least did not contest, Jefferson’s claim of “serious doubts.” That is not so. In the first paragraph of footnote eight of its opinion, the panel reasoned that it was “duty-bound to accept” the state courts’ factual findings because it concluded they “are clear, unambiguous, and fairly supported by the record.” 570 F. 3d, at 1303-1304, n. 8. That language precedes the panel’s analysis — in the second paragraph of footnote eight — regarding Jefferson’s statements that the findings were “dubious” and raised “serious doubts.” The Court omits the panel’s actual explanation for declining to credit Jefferson’s general characterization of the quality of the record, which is: “Jefferson does not point to any particular factual finding that was clearly erroneous, and Jefferson even says in the argument section of his brief that ‘[t]he relevant facts are not in dispute.’ ” Id., at 1304, n. 8.
By the way, even if the Court of Appeals had carelessly described application of the pre-AEDPA version of § 2254(d) in the manner which the Court suggests, that would have been no worse than what we have done. For example, in Demosthenes v. Baal, 495 U. S. 731, 735 (1990) (per curiam), we stated that a federal court may not overturn a state ha-beas court’s factual determinations “unless it concludes that they are not ‘fairly supported by the record.’ See 28 U. S. C. § 2254(d)(8).” And in Parker v. Dugger, 498 U. S. 308, 320 (1991), we explained that a federal habeas court “is not to overturn a factual conclusion of a state court, including a state appellate court, unless the conclusion is not ‘fairly supported by the record.’ ”[2]
*304 * * *
Generally speaking, we have no power to set aside the duly entered judgment of a lower federal court unless we find it to have been in error. More specifically, except where there has been an intervening legal development (such as a subsequently announced opinion of ours) that might alter the judgment below, we cannot grant a petition for certiorari, vacate the judgment below, and remand the case (GVR) simply to obtain a re-do. Webster v. Cooper, 558 U. S. 1039, 1041-1042 (2009) (Scalia, J., dissenting). Yet today the Court vacates the judgment of the Eleventh Circuit on the basis of an error that court did not commit, with respect to a statutory issue that had never previously been raised, and remands for more extensive consideration of a new argument that might affect the judgment. Under the taxonomy of our increasingly unprincipled GVR practice, this creature is of the same genus as the “Summary Remand for a More Extensive Opinion than Petitioner Requested” (SRMEOPR). Id., at 1042. But it is a distinctly odious species, deserving of its own name: Summary Remand to Ponder a Point Raised Neither Here nor Below (SRPPRNHB).

These four exceptions in 28 U. S. C. §2254(d) (1994 ed.) were:
“(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
“(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
“(7) that the applicant was otherwise denied due process of law in the State court proceeding;
“(8) or unless ... the Federal court on a consideration of [the relevant] part of the record as a whole concludes that such factual determination is not fairly supported by the record ....”

 The Court attempts to distinguish these two cases on the ground that they contained “no suggestion that any other provisions enumerated in *304 § 2254(d) were at issue,” whereas “[t]hat is not the case here. ” Ante, at 293. That is simply not so. As already noted, there was no “suggestion” here (let alone an actual argument) that paragraphs (2), (6), or (7) were in issue. And if the Court means no more than that petitioner here made some process-type noises, the same was true — and indeed more true — of Parker and Demosthenes. In Parker, we stated the “crux of [petitioner’s] contentions” was that the state courts “fail[ed] to treat adequately” the evidence he presented. 498 U. S., at 313. In Demosthenes, the Ninth Circuit had said that the state court’s process for determining whether the capital inmate was competent was deficient because “‘a full evidentiary hearing on competence should have been held.’ ” 495 U. S., at 736 (quoting Order in Baal v. Godinez, No. 90-15716 (CA9, June 2,1990), p. 5).