**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSEPH EDWARD DUNCAN, III,<br><br>Defendant - Appellant. | No. 13-99011<br><br>D.C. No. 2:07-cr-00023-EJL-1<br><br>MEMORANDUM and ORDER[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted March 17, 2015
San Francisco, California

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

Defendant Joseph Edward Duncan appeals the district court's order

reinstating its prior order granting the government's motion to strike standby

counsel's November 2008 notice of appeal. Defendant also filed a renewed motion

in this court, seeking to withdraw his earlier waiver of appeal and to reinstate the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

November 2008 notice of appeal. We affirm the district court's order and deny Defendant's untimely motion to reinstate his appeal.

We review for clear error the district court's factual determination on remand that Defendant was competent to waive his right to appeal. Massie ex rel. Kroll v. Woodford, 244 F.3d 1192, 1194 (9th Cir. 2001) (per curiam); see also Demosthenes v. Baal, 495 U.S. 731, 735 (1990) (per curiam) (noting that a competency determination is entitled to a presumption of correctness). A district court's factual finding is clearly erroneous if it lacks evidentiary support or "if it was induced by an erroneous view of the law." Ritter v. Morton, 513 F.2d 942, 949 (9th Cir. 1975) (per curiam). A factual finding lacks evidentiary support if, after reviewing the record, we are "left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

None of the district court's factual findings concerning Defendant's competency is clearly erroneous. To the contrary, the district court provided several valid reasons for reaching its ultimate conclusion and provided valid reasons for rejecting certain defense witness testimony pertaining to Defendant's mental state. Each of the district court's reasons is supported by evidence in the record. The court also cited testimony supporting its conclusion that Defendant's

"epiphany" was neither a delusion nor a hallucination. And nothing in the record suggests that the district court's competency findings were predetermined.

The district court also applied the correct legal standard. Even if the test established in Rumbaugh v. Procunier, 753 F.2d 395 (5th Cir. 1985), does not apply in this Circuit—a question that we need not decide here—the court's factual findings went beyond the question whether Defendant's mental disease or defect "prevented" him from understanding the options available to him or from choosing rationally among them. The district court went on, for example, to conclude more broadly that Defendant had the capacity to make a rational choice about whether to continue or abandon further litigation. The court also found that any disease or defect that Defendant suffered did not "motivate[], drive[], or cause[]" him to waive his right to file an appeal; that any such disease or defect "did not impact" his ability to understand his legal options; and that he had the ability to make rational choices with respect to his criminal proceedings. Thus, whether applying Rumbaugh or only the standard established in Rees v. Peyton, 384 U.S. 312 (1966) (per curiam), the district court did not err.

Because Defendant was competent in November 2008, the notice of appeal that standby counsel filed on November 17, 2008, was a nullity. At that time, Defendant had validly and affirmatively waived his right to file an appeal. His

decision to withdraw that waiver, which he made more than two years later, came too late. <u>See</u> 18 U.S.C. § 3595(a) (requiring the notice of appeal to be filed "within the time specified for the filing of a notice of appeal"); Fed. R. App. P. 4(b)(1)(A) (requiring a notice of appeal in a criminal case to be filed "within 14 days after . . . the entry of . . . the order being appealed").

The district court's order is **AFFIRMED**. Defendant's motion to reinstate his appeal, filed initially in this court on December 24, 2010, and renewed on November 24, 2014, is **DENIED**.