F I L E D
United States Court of Appeals
Tenth Circuit

NOV 6 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOSEPH FLEMING, AS NEXT
FRIEND OF TERRY DOUG CLARK,

Petitioner-Appellant,

v.

TIM LEMASTER, Warden of New
Mexico State Penitentiary, and
PATRICIA MADRID, New Mexico
Attorney General,

Respondents-Appellees.

No. 01-2330
(D.C. No. 01-1251 LH/RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **BALDOCK**, and **KELLY**, Circuit Judges.

On November 2, 2001, Joseph Fleming, asserting the legal status of next

friend of Terry Doug Clark, filed in the district court emergency motions for

appointment of counsel and stay of Mr. Clark's execution, which is scheduled for

November 6, 2001 at 7:00 p.m. Mr. Fleming further requested an evidentiary

hearing to establish his standing to seek habeas corpus relief on behalf of Mr.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Clark, who has expressly abandoned any efforts to forestall his pending execution. In a Memorandum Opinion and Order issued November 5, 2001, the district court concluded that Mr. Fleming could not satisfy the conditions for next friend status and, therefore, lacks standing to pursue these matters, and dismissed the proceeding for lack of jurisdiction. Mr. Fleming filed a notice of appeal and, shortly thereafter, the district court issued an order denying a certificate of appealability (COA). Mr. Fleming has now submitted a lengthy document to this court entitled "Appeal from Denial of Next Friend Standing and Motion for Stay of Execution." Under the circumstances, we will accept this document as a motion for a COA, which is a prerequisite to appeal from any "final order in a habeas corpus proceeding . . . aris[ing] out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). For the reasons that follow, we deny a COA and dismiss this appeal.

"Before granting a stay, . . . federal courts must make certain that an adequate basis exists for the exercise of federal power." *Demosthenes v. Baal*, 495 U.S. 731, 737 (1990). "A grant of a stay is an exercise of judicial power, and [the federal courts] are not authorized to exercise such power on behalf of a party who has not first established standing." *Brewer v. Lewis*, 989 F.2d 1021, 1025 (9th Cir. 1993). Thus, the focus of the district court's analysis, as well as our consideration of COA, properly rests on the jurisdictional issue of next friend

-2-

standing, and "[t]his threshold inquiry . . . in no way depends on the merits of the [underlying habeas issues]."[1] *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (quotation omitted).

Next friend standing in the habeas context, including capital cases, has "at least two firmly rooted prerequisites":

> First, a "next friend" must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Id.* at 163-64 (citations omitted). Ultimately, to demonstrate standing "the burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. Of course, our present consideration of the question for stay and COA purposes implicates a broader, preliminary standard: has Mr. Fleming made "a substantial showing" sufficient to demonstrate that "reasonable jurists could debate" whether this matter was properly dismissed for lack of standing? *Slack v. McDaniel*, 529 U.S. 473,

---

[1] The threshold, jurisdictional nature of this dispositive issue likewise precedes consideration of traditional rules favoring stays of execution in capital habeas cases to effectuate the overriding interests of the condemned petitioner, since, if the putative next friend is found to lack standing, such interests are–by definition and by the petitioner's own choice–not before the court. *See Brewer*, 989 F.2d at 1024-25 (relying on *Baal*).

-3-

483-84 (2000); *see Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Vargas v. Lambert*, 159 F.3d 1161, 1167 (9th Cir. 1998).

The district court held that Mr. Fleming's case for standing faltered on the first *Whitmore* prong. The district court recounted the pertinent averments from Mr. Fleming's affidavit:

> Mr. Fleming states that he knew who Mr. Clark was in high school, though they attended different schools, and first made acquaintance with him after 1979 through his sister's husband, who knew Mr. Clark quite well. Additionally, between 1981 and 1982, Mr. Fleming was married to a woman to whom Mr. Clark was a "step-uncle." During this period, Mr. Fleming and Mr. Clark went out to bars and socialized together with other friends. After 1982, however, Mr. Fleming lost touch with Mr. Clark. Around Christmas of last year, Mr. Fleming wrote a card to Mr. Clark and they began a correspondence. Mr. Fleming attended a court proceeding involving Mr. Clark this past summer, but was not allowed to speak with him."

District Court Memorandum Opinion and Order at 2. The court then assessed these facts in light of *Whitmore* as follows:

> [Mr. Fleming's] association with Mr. Clark is attenuated, at best, and the Court cannot find that theirs is a significant relationship. In fact, Mr. Fleming appears to be nothing more than an intruder and uninvited meddler. Additionally, Mr. Clark has informed the Court through his lawyer that he does not want to be transported for a hearing in this matter. The Court is unable to conclude that Mr. Fleming is truly dedicated to the best interests of Mr. Clark.

*Id.* (citations omitted).

-4-

Mr. Fleming has not cited any authority in which a comparable relationship was deemed sufficient to support a determination of next friend standing. However, this court has not found any authority denying next friend status on this basis either. All of the case law applying *Whitmore* has thus far turned, rather, on the second prong, regarding the real party's inability to litigate on his own behalf, which is negated where the real party "has given a knowing, intelligent, and voluntary waiver of his right to proceed, and his access to court is otherwise unimpeded." *Whitmore*, 495 U.S. at 165. Consequently, while we do not necessarily gainsay the district court's reliance on the first prong, we look to *Whitmore*'s second prong for a conclusive, undebatable resolution of the standing issue.

Moreover, as to this waiver question, we may rely on a pertinent state court factual finding, made after a four-day hearing held less than three months ago, that "Clark is mentally competent to abandon any and all challenges to his death sentence, including State post-conviction collateral review and Federal habeas corpus as he has the mental capacity to understand the choice between life and death and to make a knowing and intelligent decision not to pursue further remedies." *Clark v. LeMaster*, Order in No. D-0911-CR-0200100057 (Roosevelt County District Court 2001). This determination is presumptively correct under 28 U.S.C. § 2254(e)(1). *See Vargas*, 159 F.3d at 1168; *see also Baal*, 495 U.S. at

735 (pre-AEDPA case applying presumption of correctness under 28 U.S.C. § 2254(d)).

Although he addresses the issue of competency/waiver at length, Mr. Fleming has not offered even a remotely persuasive argument to rebut the presumption that conclusively undermines his next friend standing. He asks this court essentially to re-weigh the credibility of the opposing expert witnesses who appeared in the state court proceeding. Far from providing the "clear and convincing evidence" necessary to rebut the statutory presumption, such challenges to witness credibility implicate our "special deference to . . . matters which the trial court is in the best position to assess." *Johnson v. Gibson*, 254 F.3d 1155, 1160 (10th Cir. 2001). Further, Mr. Fleming has not offered any "meaningful evidence" to suggest that Mr. Clark "might have become incompetent some time after the State's evidentiary hearing." *Baal*, 495 U.S. at 736.

Instead, Mr. Fleming advances several conclusory legal points, none of which hold up to scrutiny. We shall briefly address those warranting any comment. First, he notes that this is a capital case. However, he fails to cite any authority holding either that the standard for next friend status is broadened, or that the § 2254(e) presumption is attenuated, in this context.

Second, he argues that the state trial court determination of valid waiver has not been reviewed on appeal (the state supreme court declined to hear any appeal in the matter based on Mr. Clark's own objection thereto). Again, however, he cites no authority holding that the unqualified reference in § 2254(e) to any "determination of a factual issue made by a State court" is limited to determinations made by trial courts which have been affirmed on appeal. *See Duncan v. Morton*, 256 F.3d 189, 195 (3d Cir.) (recognizing that § 2254(e) presumption "applies to the factual determinations of both state trial and appellate courts"), *cert. denied*, 122 S. Ct. 269 (2001); *see also Sumner v. Mata*, 449 U.S. 539, 545 (1981) (noting that earlier version of presumption, in § 2254(d), likewise "ma[de] no distinction between factual determinations of a state trial court and those of a state appellate court"). Indeed, to apply such a requirement in the present context, where the state appeal was dismissed based on the waiver upheld by the trial court, would mean that the state court's very effectuation of the waiver found to be valid would undercut its presumptive validity in a subsequent federal proceeding brought by a third party (contrary to the real party's expressed wishes).

Third, he argues that the waiver has never been "scrutinized" by a federal court. This argument displays a very basic misunderstanding of § 2254(e): the whole purpose of the presumption would obviously be lost if it were applicable

only after a federal court first scrutinized the factual determination to which it applies.

Finally, he insists that Mr. Clark could raise "dead bang winner" challenges to his conviction and sentence. As already noted, however, the merits of possible underlying habeas claims is irrelevant to the threshold jurisdictional question whether Mr. Fleming has standing to assert such issues on Mr. Clark's behalf.

For the reasons stated above, we deny a certificate of appealability and dismiss the appeal. The motion for stay is, accordingly, denied as moot.

Entered for the Court

Per Curiam