■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WOODLEY, Appellant. [936 NYS2d 189]—

The court properly exercised its discretion in denying defense counsel's request for a CPL article 730 competency examination, which was made for the first time on the eve of trial. Nothing in the record casts doubt on defendant's competency (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d

757, 766 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878, 881 [1995]). On the contrary, throughout the trial defendant demonstrated his understanding of the charges, familiarity with criminal proceedings and ability to assist in his defense (*see People v Russell*, 74 NY2d 901 [1989]). The court gave appropriate, but not excessive weight to a finding of malingering in a prior case, and there was no reason to believe defendant had gone from feigned to genuine incompetency in the intervening years. Defense counsel's assessment of defendant's competency was not dispositive (*see Morgan*, 87 NY2d at 880). Furthermore, defendant's pre-pleading memorandum discussed defendant's psychiatric history, but tended to confirm that he was competent.

Similarly, there is nothing to indicate that defendant was incompetent to waive his right to be present at trial (*see People v Rios*, 126 AD2d 860, 862 [1987]). Despite the court's warnings that he had a right to be present and that the trial would proceed in his absence, defendant asked to be removed and refused to return to the courtroom.

Defendant's challenge to the court's jury charge is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ.