Newkirk v. Capra

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand fifteen.

PRESENT:  GERARD E. LYNCH,
          SUSAN L. CARNEY,
                  *Circuit Judges*,
          VICTOR A. BOLDEN,
                  *District Judge*.[*]

---

DAVID NEWKIRK,

        *Petitioner-Appellant*,

    v.            No.   14-1104

MICHAEL CAPRA,
Superintendent, Sing Sing Correctional Facility,

        *Respondent-Appellee.*

---

**FOR APPELLANT:**       LEWIS B. OLIVER, JR., Oliver Law Office, Albany, NY.

**FOR APPELLEE:**        ALYSON J. GILL, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

---

[*] The Honorable Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (James K. Singleton, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

New York State prisoner David Newkirk, currently serving a twenty-one year sentence for three counts of first-degree sexual abuse and three counts of first-degree attempted rape, appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The district court granted Newkirk a certificate of appealability on the issue of whether the state court unreasonably applied federal law in ruling that he was not deprived of a fair trial by the failure to declare a mistrial based on "prior crimes" testimony by the victim, Newkirk's stepdaughter "SL," in violation of a pre-trial evidentiary ruling.[1]  We assume the parties' familiarity with the facts and procedural history.

Newkirk argues that he was deprived of a fair trial based on SL's testimony that she did not scream or tell her mother after the three charged incidents of sexual abuse because "it was something that always happeeds" and had "been going on."  J.A. 485.

---

[1]  Respondent argues that Newkirk's claim was not properly exhausted because he did not sufficiently identify its federal basis in the state courts.  We decline to decide whether Newkirk has properly exhausted his claim, because his petition fails on the merits in any event.  Section 2254 "prohibits federal courts from *granting* relief to an applicant who has not 'exhausted the remedies available in the courts of the State,'" but allows "federal courts to deny the petition, regardless of whether the applicant exhausted his state court remedies."  Abuzaid v. Mattox, 726 F.3d 311, 321 (2d Cir. 2013) (emphasis in original), citing 28 U.S.C. § 2254(b)(1)(A), (b)(2).

That testimony, as the prosecution acknowledged, violated the trial court's pre-trial evidentiary ruling that the state could not present evidence of Newkirk's past sexual abuse of SL. The New York State Appellate Division held that SL's improper testimony "was not so egregious as to deny [Newkirk] a fair trial," in light of the trial court's striking of the testimony, its offer of a curative instruction, and the "overwhelming evidence of [Newkirk's] guilt." People v. Newkirk, 75 A.D.3d 853, 856-57 (N.Y. App. Div. 3d Dep't, 2010).

A federal court may grant habeas relief under § 2254 only if the state court's rejection of the petitioner's claim (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). We cannot disturb the state court's decision unless it is "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

Newkirk cannot meet that exacting standard. The Supreme Court has declined to "express [an] opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991). The state court's ruling that SL's "prior crimes" testimony did not violate Newkirk's right to a fair trial is therefore

3

not contrary to clearly established federal law as determined by the Supreme Court.[2]

Moreover, the state court's ruling was entirely reasonable. SL's brief impermissible testimony did not allege conduct worse than that charged, and did little to bolster her credibility. Her testimony regarding the charged conduct was also corroborated by DNA evidence, further supporting the state court's conclusion that the impermissible testimony did not contribute to the verdict.[3]

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Newkirk's challenge differs from the one that the Supreme Court left unaddressed in Estelle: the "prior crimes" testimony here was not permitted by state law, but rather was given despite the trial court's determination that such testimony was inadmissible under state law. But that distinction is largely irrelevant for our review, which focuses only on whether the failure to declare a mistrial based on that testimony violated Newkirk's *federal* rights. That issue does not turn on whether the evidence was admissible as a matter of state evidentiary law. While we may "review an error of state evidentiary law to assess whether the error deprived the petitioner of his due process right to a fundamentally fair trial," a state court's "harmlessness determination regarding an underlying error of state law does not implicate a freestanding federal constitutional right." Freeman v. Kadien, 684 F.3d 30, 34-35 (2d Cir. 2012) (internal quotation marks omitted). If anything, a situation like here where the testimony was stricken and a curative instruction offered makes the testimony less likely to violate a petitioner's rights under the Due Process Clause than the issue reserved in Estelle.

[3] Newkirk also raises arguments pertaining to the prosecution's summation remarks, the admission of certain physical evidence, and the sufficiency of the evidence. These challenges fall outside the scope of the certificate of appealability. Because Newkirk has not moved this Court to expand the certificate of appealability to include any of these challenges, and we decline to do so *sua sponte*, our review is confined to the single issue on which the certificate was granted. See 28 U.S.C. § 2253(c)(3); Armienti v. United States, 234 F.3d 820, 824 (2d Cir. 2000).

4