15-2892-pr
*Woodley v. Griffin*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           SUSAN L. CARNEY,
                     *Circuit Judges.*

---

KENNETH WOODLEY,

                 *Petitioner-Appellant,*                    No. 15-2892-pr

                 v.

PATRICK GRIFFIN, Sullivan Correctional Facility,

                 *Respondent-Appellee.*

---

FOR PETITIONER-APPELLANT:        ANASTASIA B. HEEGER (Richard M. Greenberg, *on the brief*), Office of the Appellate Defender, New York, NY.

FOR RESPONDENT-APPELLEE:         MARGARET ANN CIEPRISZ (Paul B. Lyons, Barbara D. Underwood, Nikki Kowalski, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 18, 2015 judgment of the District Court is **AFFIRMED**.

Petitioner-appellant Kenneth Woodley ("Woodley") appeals from a judgment of the District Court denying his petition for a writ of habeas corpus arising from a state trial court's refusal to grant him a competency examination requested by his counsel during trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, we agree with the District Court that the petition must be denied.

Woodley was convicted in 2007 of burglary in the second degree, in violation of New York Penal Law § 140.25(2), following a jury trial in New York State Supreme Court, New York County. As a predicate offender, Woodley was sentenced principally to twelve years' imprisonment. He appealed that judgment to the Appellate Division, First Department, on several grounds, including that he was improperly denied a competency examination he requested under New York Criminal Procedure Law § 730.30(1). The Appellate Division affirmed the judgment in its entirety, *see People v. Woodley*, 936 N.Y.S.2d 189 (App. Div. 1st Dept. 2012), and the New York Court of Appeals subsequently denied Woodley's application for leave to appeal, *see People v. Woodley*, 973 N.E.2d 219 (N.Y. 2012). Woodley then filed the instant petition for a writ of habeas corpus in the District Court.

The District Court denied Woodley's petition for a writ of habeas corpus but granted a certificate of appealability limited to the question of whether the state trial court's refusal to order a competency examination violated Woodley's constitutional right to due process. *See Woodley v. Griffin*, No. 13-cv-5541 (TPG), 2015 WL 4897552, *12 (S.D.N.Y. Aug. 17, 2015). We turn to that question now.

The United States Supreme Court has held that "the criminal trial of an incompetent defendant violates due process," and that "[a] defendant may not be put to trial unless he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (ellipsis, brackets, and internal quotation marks omitted). The Supreme Court has further held that "the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Drope v. Missouri*, 420 U.S. 162, 172 (1975); *see also Pate v. Robinson*, 383 U.S. 375, 385–86 (1966) (failure to conduct competency hearing violated due process where evidence created sufficient doubt as to defendant's competence to stand trial).

2

Woodley argues that the state trial court violated his constitutional right to due process when it failed to grant a request by his counsel for a competency examination, notwithstanding Woodley's documented history of serious mental illness, his irrational behavior in court, and defense counsel's concerns about Woodley's ability to understand the proceedings and communicate with counsel. Woodley contends that the trial court's refusal, and the Appellate Division's affirmance, were contrary to, and involved unreasonable applications of, clearly established law as determined by the Supreme Court.

On appeal, "[w]e review a district court's denial of a petition for a writ of habeas corpus *de novo*," *Tavarez v. Larkin*, 814 F.3d 644, 648 (2d Cir. 2016), and we review the underlying state court's adjudication of a claim on the merits to determine whether it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[1] A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). An "unreasonable application" of clearly established federal law is one that is "more than incorrect or erroneous" and "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks omitted).

Based on a review of the record before us, we conclude that the District Court properly denied Woodley's petition for a writ of habeas corpus in the circumstances presented. On one hand, there was substantial evidence that weighed in favor of granting Woodley a competency examination, including documentation of his past mental illness, his refusal to accept or decline a plea offer prior to trial that his counsel urged him to accept, his refusal to attend his trial, and statements by his counsel conveying a concern for his mental competency based on counsel's observations of him. On the other hand, as the District Court pointed out, certain of these potential indicia of incompetence can also be interpreted as calculated efforts by Woodley to feign incompetence in order to intentionally delay and obstruct the proceeding, especially when viewed in light of Woodley's repeated requests for adjournments leading up to his request for a competency examination—which was not made until the second day of trial, despite months of pretrial proceedings during which his competence was not placed at issue—and his dubious claims that he could not hear the words of the trial judge. The state trial court's conclusion that Woodley had been

---

[1] *See also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

3

feigning incompetence, based on the court's contemporaneous observations of and dealings with Woodley throughout the proceeding, was therefore not objectively unreasonable. That the state trial court considered another trial judge's finding that Woodley had malingered in an earlier case in reaching its conclusion was not improper and supports the state trial court's conclusion.

Consequently, we cannot say that the state trial court's conclusions that Woodley had been competent and that an examination was unwarranted, and the Appellate Division's affirmance, were contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Wiggins*, 539 U.S. at 520–21; *Williams*, 529 U.S. at 412–13. Accordingly, we agree with the District Court that the petition must be denied.

## CONCLUSION

We have considered all of petitioner-appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 18, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4