### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of August, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*,
> LAURA TAYLOR SWAIN,*
> *District Judge.*

---

Sean Best,

> *Petitioner-Appellant,*

v.                                                     No. 16-2971-pr

Thomas Griffin, Superintendent, Green Haven Correctional Facility,

> *Respondent-Appellee.*

---

| | |
|---|---|
| **FOR APPELLANT:** | NATHANIEL R.B. KOSLOF, (Franklin B. Velie, *on the brief*), Sullivan & Worcester LLP, New York, NY. |
| **FOR APPELLEE:** | PRISCILLA STEWARD, Assistant Attorney General, (Barbara D. Underwood, Solicitor General; Nikki |

---

* Judge Laura Taylor Swain, United States District Court for the Southern District of New York, sitting by designation.

Kowalski, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Sean Best appeals from the district court's decision denying his petition for a writ of habeas corpus based on alleged constitutional defects in his criminal conviction in a New York court. He claims that the New York trial court's failure to order an evaluation of his competency prior to accepting his plea of guilty and imposing sentence amounted to a violation of his constitutional right to due process of law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's denial of a petition for a writ of habeas corpus. *Moss v. Colvin*, 845 F.3d 516, 519 (2d Cir. 2017) (citing *Dixon v. Miller*, 293 F.3d 74, 78 (2d Cir. 2002)). Habeas corpus relief from a state court conviction is appropriate only where the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. §§ 2254(d)(1)–(2).

"To conclude that a state court decision involved an unreasonable application of clearly established federal law, the petitioner must show that the state court applied the law in a manner that was objectively unreasonable." *Moss*, 845 F.3d at 520 (internal quotation marks omitted). "A state court determination that a claim lacks merit is not objectively unreasonable if fairminded jurists could disagree on the correctness of the state court's decision." *Id.* (internal quotation marks omitted).

Under AEDPA, state court factual findings are presumptively correct, and the Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). As the Supreme Court has explained, a trial court's assessment of a defendant's competency is "essentially a factual determination." *Demosthenes v. Baal*, 495 U.S. 731, 737 (1990) (per curiam); *accord id.* at 735 ("We have held that a state court's conclusion regarding a defendant's competency is entitled to such a presumption."); *see also Thompson v. Keohane*, 516 U.S. 99, 111 (1995) (noting that while the distinction between questions of fact and questions of law under § 2254 "is sometimes slippery," the former category "notably includes: competency to stand trial").

We have examined the record through the lens of these highly deferential standards of review, and to the extent Best challenges the trial court's factual finding that Best was competent in entering a knowing and voluntary plea, he has not rebutted the presumption in § 2254(e). To the extent Best contends, pursuant to § 2254(d), that the trial court unreasonably applied the Supreme Court's jurisprudence concerning competency, we "cannot say that the state trial court's

conclusions . . . that a [competency] examination was unwarranted, and the Appellate Division's affirmance, were contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court." *See Woodley v. Griffin*, 652 F. App'x 75, 77–78 (2d Cir. 2016) (summary order). We therefore affirm the district court's denial of Best's petition for substantially the reasons set forth in Chief Judge McMahon's Decision & Order of July 26, 2016 and Magistrate Judge Peck's Report & Recommendation of November 6, 2015.

We have considered all of Best's arguments for reversal and conclude that they are without merit.[1] The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Best also contends that the *sentencing* court violated his due process rights by refusing to allow him to withdraw his guilty plea. But this challenge falls outside the scope of the certificate of appealability granted by the district court. *See* J.A. 301. Because Best has not moved for this Court to expand the certificate of appealability, and we decline to do so *sua sponte*, our review is confined to the single issue on which the certificate was granted: whether the trial court violated Best's due process rights by failing to order a competency hearing before accepting his guilty plea. *See, e.g., Newkirk v. Capra*, 615 F. App'x 712, 714 n.3 (2d Cir. 2015) (summary order).