**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN PATRICK BLACKMON, | No. 19-35883 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-01592-RSL |
| v. | |
| JEFFREY A. UTTECHT, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted September 2, 2020
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and STEARNS,[**] District Judge.

John Blackmon appeals the district court's dismissal of his habeas petition, challenging his convictions for child molestation in the second and third degree and rape in the third degree. Blackmon contends that at his third trial (after hung

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

juries led to two mistrials), he was "unaware of his prerogative to assert or waive [his] right [to testify]," or that he could "overrule his counsel" when she decided to rest his case without calling him as a witness. Appellant's Reply Br. at 1, 6. Blackmon also contends that his Fifth Amendment rights were further violated by references to his previous trials by the prosecutor and a witness.[1] We have jurisdiction pursuant to 28 U.S.C. § 2254. We review de novo a district court's decision to deny a habeas corpus petition, *see Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000), and review the district court's subsidiary findings of fact under the clearly erroneous standard, *see Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995). We affirm.

The Antiterrorism and Effective Death Penalty Act (AEDPA) places express limits on the power of a federal court to grant habeas relief to prisoners confined under a state court judgment and sentence. *See* 28 U.S.C. § 2254(d). "[A] federal court may grant habeas relief on a claim 'adjudicated on the merits' in state court only if the decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (quoting 28 U.S.C. § 2254(d)(1)); *see also Bell v. Cone*, 535 U.S. 685, 693–94 (2002). A decision is

---

[1] In a third uncertified claim, Blackmon asserts actual innocence of the rape and molestation charges. Like the district court, we find no merit to this claim. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993).

"contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under 28 U.S.C. § 2254(d)(2), a state's factual findings are entitled to a presumption of correctness, *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990), and a petitioner must rebut these findings by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

1. The state court's determination that Blackmon knowingly and voluntarily waived his right to testify was not contrary to clearly established federal law. The Supreme Court is clear that every criminal defendant has a fundamental constitutional right to testify on his own behalf that may not be abrogated by counsel or by the court. *Rock v. Arkansas*, 483 U.S. 44, 53 (1987). Indeed, the ultimate decision on whether to testify lies with the defendant. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). However, no Supreme Court authority requires the type of on-the-record colloquy that Blackmon seeks. The absence of clearly established Supreme Court precedent dooms Blackmon's claim. Recognizing this, Blackmon cites to several of our previous decisions to support his claim that a more thorough colloquy was necessary to determine whether his waiver was knowing and voluntary. Blackmon's reliance on those cases is

misplaced as the Supreme Court has "repeatedly emphasized" that "circuit precedent does not constitute clearly established federal law" in the habeas context. *Glebe v. Frost*, 574 U.S. 21, 24 (2014) (internal quotations omitted).

Even if we could consider our prior holdings, those cases do not support Blackmon's argument. Although a defendant's waiver of the right to testify "must be knowing and voluntary, it need not be explicit." *See United States v. Pino-Noriega*, 189 F.3d 1089, 1094 (9th Cir. 1999) (citing *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993)). "'[W]aiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so.'" *Id.* at 1095 (quoting *Joelson*, 7 F.3d at 177). A defendant is also "presumed to assent to his attorney's tactical decision not to have him testify." *Id.*

Here, Blackmon sat silent as his counsel rested. The trial judge "was looking directly at Mr. Blackmon and his lawyer . . . [when] the defense rest[ed] and . . . saw . . . nothing visual that occurred that would suggest or support the notion that [Blackmon] was somehow or other surprised by this decision." ER 57. Further, Blackmon had testified at his first trial, and then had declined to testify at his second trial after an extensive colloquy with the trial judge (who presided at all

three trials) regarding his right to do so.[2]  The state court did not unreasonably apply clearly established federal law in concluding that Blackmon's decision not to testify at his third trial was knowing and voluntary.

2.  There was no error in the district court's conclusion that Blackmon had failed to exhaust his Fifth Amendment claims "based on the prosecutor and key state witness making reference to his previous trials despite a ruling prohibiting them from doing so."  Appellant's Br. at 36.  Exhaustion of state remedies is a prerequisite for habeas relief.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . (A) the applicant has exhausted the remedies available in the courts of the State . . . .").  In the proceedings before the Washington Supreme Court, Blackmon asserted that the victim's reference to prior "trial" testimony and the prosecutor's similar references unfairly violated his Sixth Amendment right of confrontation and invited the jury to conclude that he had been "convicted of another crime against the victim in the previous trial proceedings." SER 15.  There was no contention that these

---

[2] On the last day of trial testimony, the court inquired of the parties (with Blackmon present) whether they would get to closings that day.  Blackmon's counsel responded, "It's possible if Mr. Blackmon chooses not to testify."  ER 31. After presenting some additional evidence, the government rested.  Blackmon's counsel then informed the court that the defense was also resting.  Blackmon raised no objection then or before the jury returned their verdict.

19-35883

references to a prior "trial" violated his Fifth Amendment right against self-incrimination.

AFFIRMED.